**Linda S. MEYERS, Appellant–Defendant,**

v.

**Norman W. LANGLEY,
Appellee–Plaintiff.**

No. 34A02–9208–CV–360.

Court of Appeals of Indiana,
Second District.

Aug. 16, 1994.

Debra M. Law, UAW Legal Services Plan, Kokomo, for appellant.

Dan J. May, Kokomo, for appellee.

SULLIVAN, Judge.

Linda S. Meyers appeals an award of the Howard Superior Court, Small Claims Division (small claims division) in favor of Norman W. Langley. Upon appeal, Meyers presents two issues for our review, which we restate as follows:

I. Whether the trial court exceeded its jurisdictional limit in entering judgment for $3,000.00;

II. whether the judgment is contrary to law; and

III. whether the trial judge erred in finding that Meyers owed rent for the month of June?

We affirm.

Meyers rented a house from Langley, beginning in November 1985, as a month-to-month tenant. She paid monthly rent of $300.00 and a damage deposit of $300.00. Meyers occupied the house continually until she voluntarily vacated the premises in April of 1991. On June 13, 1991, Langley mailed a letter to Meyers stating that she owed rent payments for May and June of 1991 and that he intended to seek an additional $7,789.57 for repairs needed to restore the rental unit to its condition before Meyers' tenancy. Attached to the letter was the following itemized statement of repairs:

| | | |
|---|---|---|
| "Material For Door & Storm Door & Glass & [illegible] | | 665.56 |
| | Labor | <u>575.00</u> |
| | | $1240.56 |
| Material to Fix Bath Room | | 652.81 |
| | Labor | <u>875.00</u> |
| | | $1527.81 |
| Material For Kit room | | 482.29 |
| | Labor | <u>575.00</u> |
| | | $1057.29 |
| | Dumping | $300.00 |
| For me to go to court Record at 150. | | $100.00 " |

Langley filed his complaint in the small claims division seeking $3000.00 in damages. Meyers filed her counterclaim in two counts. Under Count I, Meyers alleged that Langley had wrongfully refused to return her security deposit. Under Count II, Meyers sought reimbursement for repairs which she contended were Langley's responsibility, but which she was forced to pay. Following a trial, the court entered judgment as follows:

"The Court, having taken this matter under advisement finds that Defendant is responsible for rent in the amount of $300.00; linoleum $159.00; windows $64.56; lumber $707.17; cleaning supplies $137.25; trash removal $75.00; sewage $162.67; and labor in the amount of $1,700.00.

Carpet has served its useful life and painting is included in normal wear/tear.

After giving credit for damage deposit, amount owed is $3,305.74.[1]

Due to jurisdictional limits, judgment is entered in the amount of $3,000.00, together with costs of this action...." Record at 28.

## I. *Jurisdictional Amount*

Meyers claims that the small claims division exceeded its jurisdiction in "award[ing] damages to Langley in the amount of $3,605.74." Brief of Appellant at 5. Meyers claims that although she was only ordered to pay the statutory limit of $3,000.00, by calculating Langley's damages to be $3,605.74, the court actually made an award of $3,605.74. Meyers asserts that the maximum amount at which damages may be calculated is $3000.00, which figure must then be reduced by the amount of the retained security deposit.[2] Accordingly, she argues that the small claims court could only find that Langley suffered $3,000.00 in damages and then subtract $300.00, the amount of the security deposit, for a total judgment of $2,700.00. In support of this contention, Meyers advances several arguments. We disagree with all of them.

■ First, Meyers contends that a small claims division lacks jurisdiction over claims "involving amounts exceeding Three Thousand Dollars...." Reply Brief of Appellant at 4. Because Langley's damages, as evidenced by proof presented to the court, exceeded $3,000.00, Meyers argues that the small claims division lacked jurisdiction. Indiana Code 33–5–2–4 provides that a party in a small claims action "may waive the excess of any claim that exceeds three thousand dollars ($3,000.00) in order to bring [the claim] within the jurisdiction of the small claims docket...." (Burns Code Ed.1992). Meyers' argument confuses the amount of a party's *damages* with the amount of the requested *relief.* By the explicit terms of the statute, the small claims division has jurisdiction to hear claims "involving" more than $3,000.00 in damages so long as the party waives any excess over the statutory amount.

■ Next, Meyers attempts to prove that the small claims division exceeded its jurisdiction by stating that Langley sought more than $3,000.00 in damages. Indiana Code 33–5–2–4 grants small claims jurisdiction "where the amount sought ... is not more than three thousand dollars ($3,000.00)." In support of her contention, Meyers points to Langley's notification letter which stated that his damages were $7,789.57. According to Meyers' argument, a party who states that his damages are greater than the statutory amount may never seek relief in small claims court. Such an interpretation would completely negate the waiver portion of the statute. It is not a party's out-of-court belief, calculation, or statement of damages which determines the amount of relief sought. Rather, it is the party's complaint filed with the court which is dispositive on the issue. Langley's complaint requests relief in the amount of $3,000.00, and no more.

■ Finally, Meyers contends that by finding that Langley's damages were $3,365.74, the small claims division made an award in that amount, i.e., an award greater than $3,000.00. Here, Meyers has confused the trial court's *finding* of damages with the court's *award* of damages. In every case

---

1. By our calculation, the sum of the above figures is $3,305.65. Because the record does not illuminate how or why the trial court arrived at $3,305.74, we assume that the court miscalculated by nine cents the sum of the figures contained in the findings. We further assume that the $300.00 damage deposit amount credited to Meyers was to be deducted *from* $3,305.65, notwithstanding that the wording of the judgment seems to indicate the contrary.

   In any event, the miscalculation and wording are not dispositive as the court's final award was for $3,000.00. See discussion, *infra.*

2. Meyers bases this contention on the Third District's holding in *Skiver v. Brighton Meadows*

(1992) 3d Dist. Ind.App., 585 N.E.2d 1345. In *Skiver,* a landlord brought suit against a tenant for back rent in the amount of $4,230, and for damage to the rental property in an unspecified amount. The trial court awarded the landlord $2,650.00, consisting of $3,000.00 minus $350.00 for the security deposit. In its decision, the Third District merely restated the award made by the small claims court. The appellate court then overturned the award on grounds having nothing to do with the jurisdictional amounts of I.C. 33–5–2–4. Nothing in *Skiver* discusses the propriety of a damage finding greater than $3000.00.

where a monetary award is sought, the trial court must decide how much a party has been damaged. Meyers would have us hold that once the trial judge's calculation of a party's damages has reached $3,000.00, he must stop the computation and simply award the maximum statutory limit. This is an unworkable scheme. For example, if the plaintiff's proof of damages is a single receipt in the amount of $3001.00, it would be illogical to require the plaintiff withdraw that exhibit and resort to some other evidence. It would be equally illogical, to say nothing of inaccurate, to require the trial judge to find that the plaintiff's damages are $3,000.00 when the only evidence proves a greater amount. Nothing in the statute prevents the court from recognizing that the plaintiff's *damages* exceed the statutory amount. So long as the judge's award is within jurisdictional bounds, the award is sound.[3]

## II. *Itemization of Damages*

Meyers asserts that the judgment is contrary to law in that the letter of notification of damages sent by Langley did not comply with statutory requirements. A landlord is entitled to retain a tenant's security deposit and apply it toward accrued rent and damages to the rental unit itself. I.C. 32–7–5–13 (Burns Code Ed.Supp.1994). If the landlord retains the security deposit, he must mail an itemized list of damages for which he intends to use the tenant's security deposit within forty-five days after the termination of occupancy.[4] I.C. 32–7–5–14 (Burns Code Ed. Supp.1994). The notification must contain an "itemized list of damages" as well as "the estimated cost of repair for each damaged item." *Id.*

Meyers is correct in her contention that a landlord's failure to comply with the notice requirement, "constitutes agreement by the landlord that no damages are due, and the landlord must remit to the tenant immediately the full security deposit."[5] I.C. 32–7–5–15 (Burns Code Ed.Supp.1993). Both this District and the Third District have reversed awards in favor of landlords for failure to comply with the forty-five day notice provision. *Duchon v. Ross* (1992) 2d Dist. Ind. App., 599 N.E.2d 621; *Skiver, supra* n. 2, 585 N.E.2d at 1347. Both cases held the "no damages are due" provision of section 15 was fatal to the landlords' claims.

Meyer concedes the notification included "general estimates of the cost of repair" but claims that the notice did not "itemize a list of damages." Reply Brief of Appellee at 7. We disagree. Meyer directs us to *Skiver* and *Duchon, supra,* as examples of deficient notice. However, in *Skiver,* it appears that no notice at all was sent. In *Duchon,* the court found the notice deficient because, although an itemized list was included, no estimated costs were included. Neither of these two cases are instructive on what a complying "itemized list" should contain. We hold that Langley's letter complies with the statute. The letter sent by Langley itemized as damages material for two doors, material to fix the bathroom, material for a "kit" room, labor costs, and court costs and set forth specific dollar amounts attributable to each. The letter further provided that Langley was claiming $600.00 for two months accrued rent. The purpose of the notice provision is to inform the tenant that the landlord is keeping the security deposit and for what reason. It provides the tenant an opportunity to challenge the costs for which

---

3. Separate and distinct from its judgment in favor of Langley upon his complaint, the court ruled in Meyers' favor upon her counterclaim, in the amount of $308.56 "as reimbursement for actual expenses." Record at 37. The amount of the counterclaim was not used in arriving at the $3,000.00 judgment in favor of Langley. In effect, the instant action resulted in two distinct judgments. Langley prevailed upon his claim in the amount of $3,000.00, and Meyers prevailed upon her counterclaim in the amount of $308.56.

4. The notice was not objected to when introduced at trial as falling outside the forty-five day

period. Meyers testified that she moved out the last week in April, 1991. The first notification given to Langley was in a letter mailed at or after that time. Langley's notification letter was mailed June 13, 1991, apparently within the forty-five day period.

5. The trial court specifically determined that Langley was not authorized to retain the security deposit. The trial court, however, did not state that the determination was based upon a failure to comply with the notice requirement and we may not assume that this is so.

the deposit is being used. That purpose has been served here.

### III. *Accrued Rent*

Meyers claims that the trial court erred in failing to find that she did not owe rent for the month of June. She raises this contention for the first time in her reply brief. Any argument not presented in the original brief is waived and a party may not revive it by arguing the issue in the reply brief. *Ross v. State* (1982) Ind., 429 N.E.2d 942.

The judgment is affirmed.

KIRSCH and HOFFMAN, JJ., concur.