William Chris GREASEL, III, Appellant–Plaintiff,

v.

Margaret E. TROY, Appellee–Defendant.

No. 29A05–9612–CV–532.

Court of Appeals of Indiana.

Dec. 16, 1997.

William Chris Greasel, III, Indianapolis, Pro Se.

Gerald P. Kray, Griffith, for Appellee–Defendant.

## OPINION

BARTEAU, Judge.

William Chris Greasel III appeals a $1,100.00 judgment against him following a small claims action involving the return of a residential lease damage deposit.[1] The issues Greasel raises on appeal have been consolidated as follows:

(1) whether the damages against Greasel are supported by the evidence;

(2) whether the trial court properly denied Greasel's Motion to Correct Error; and

(3) whether Appellee Margaret E. Troy is entitled to trial attorney fees under the terms of the lease agreement.

In addition to the issues raised by Greasel, Appellee Troy raises the issue of whether she should be awarded appellate attorney fees pursuant to Indiana Appellate Rule 15(G).

We affirm.

## *FACTS*

The facts most favorable to the judgment are that on July 25, 1995, Greasel and Troy signed a renewal agreement in which Troy extended an existing lease of property to Greasel for the term of August 1, 1995 until July 31, 1996. On August 1, 1996, after Greasel had vacated the premises, Troy and real estate agent Lucinda Pearson performed an inspection of the house which revealed strong pet odors in the carpet. Determining that the odors necessitated replacement of the carpet, Troy obtained a carpet and padding replacement estimate from Carpetland in the amount of $1,473.06.

On August 20, 1996, Troy provided Greasel with a statement of damages that listed the estimated cost of replacing the carpet. A copy of the Carpetland estimate was attached to the statement.

On August 28, Greasel filed suit in small claims court for return of the $1,000.00 security deposit. On September 17, 1996, Troy

filed her counterclaim for $1,473.06 in damages plus costs, interest and attorney fees. On September 30, 1996, judgment as to the $1,000.00 security deposit was rendered in favor of Troy. Additionally, Greasel was ordered to pay Troy $400.00 in damages and $700.00 in attorney fees pursuant to the counterclaim. A copy of the entry of judgment was sent to the parties October 2, 1996. On November 1, 1996, Greasel filed a Motion to Correct Error which asked for a new trial based on newly discovered evidence, and it was denied.

## *SUFFICIENCY OF EVIDENCE*

◼ In reviewing sufficiency of the evidence to support a judgment, this court neither weighs the evidence nor judges the credibility of witnesses, but considers only the evidence most favorable to the judgment and all reasonable inferences to be drawn therefrom. *Rueth v. Quinn*, 659 N.E.2d 684, 687 (Ind.Ct.App.1996), *trans. denied.* Therefore, the judgment is affirmed if it can be sustained on any legal theory supported by the evidence. *Id.*

◼ Greasel argues that the damages are not supported by the evidence because Troy failed to comply with the statutory notice requirement.

Section 32–7–5–13(1) of the Indiana Code provides that a security deposit may be used to reimburse the landlord for "actual damages to the rental unit or any ancillary facility that are not the result of ordinary wear and tear expected in the normal course of habitation of a dwelling." Indiana Code Section 32–7–5–14 provides further:

In the case of damage to the rental unit or other obligation against the security deposit, the landlord shall mail to the tenant, within forty-five (45) days after the termination of occupancy, an itemized list of damages claimed for which the security deposit may be used as provided in section 13 of this chapter, including the estimated cost of repair for each damaged item and the amounts and lease on which the landlord plans to assess the tenant. This list must be accompanied by a check or money

---

**1.** Greasel requested oral argument. We deny that request.

order for the difference between the damages claimed and the amount of the security deposit held by the landlord.

In *Duchon v. Ross*, 599 N.E.2d 621, 625 (Ind.Ct.App.1992), we found summary judgment in favor of tenants was proper where the landlord's letter was insufficient to meet the statutory duty imposed on landlords by Indiana Code Section 32–7–5–14. In *Duchon*, the landlord's letter alleged damaged items but failed to include any estimated repair costs or a check for the balance remaining after damages were deducted; instead, it merely stated that an accounting would be sent to the tenants upon final determination of the costs. *Id.* at 624. This court found that the "explicit and mandatory" direction of Section 14 requires that the letter include estimated costs of repair and be accompanied by payment for the excess deposit (if any). *Id.* The exclusion of costs or accompanying payment renders the letter insufficient under the statutory notice of damages requirement. *Id.* at 625.

▪ The purpose of the notice provision is to inform the tenant that the landlord is keeping the security deposit and for what reason. *Meyers v. Langley*, 638 N.E.2d 875, 878 (Ind.Ct.App.1994). It provides the tenant an opportunity to challenge the costs for which the deposit is being used. *Id.* Troy provided Greasel with a timely and complete statement of the damages assessed against the security deposit in compliance with Indiana Code Section 32–7–5–14. Greasel vacated the premises on or about July 28, 1996; the lease terminated on July 31, 1996. On August 20, 1996, Troy provided Greasel with an itemized statement of damages which Troy planned to deduct from the security deposit. The damages assessed were the replacement cost of the carpet and padding that was the subject of the trial court's award. The statement also expressed Troy's intent to retain the entire amount of the security deposit because the damages exceeded $1,000.00.

▪ In addition to the carpet damage, Troy listed in her statement of damages other items that she felt were unacceptable; however, she assigned no estimated costs to them, indicating her intent to assess only the carpet damage costs against Greasel. She made no claim at trial for damages other than those involved in replacement of the carpet. Therefore, Troy's failure to assign cost estimates to the other items does not render the statement insufficient under Section 32–7–5–14. Troy's statement of damages satisfies the statutory notice requirement and entitles her to retain the entire security deposit.

Troy's compliance with the statutory notice requirement also preserves her right to recover "other damages" beyond the amount of the security deposit to which she is entitled. *Miller v. Geels*, 643 N.E.2d 922, 925 (Ind.Ct.App.1994). Section 32–7–5–12(c) of the Indiana Code states "[t]his section does not preclude the landlord or tenant from recovering other damages to which either is entitled." Therefore, where the landlord provides notice in satisfaction of the statute, she may then seek to recover any "other damages" beyond the security deposit to which she is entitled under the lease agreement. *Miller*, 643 N.E.2d at 926.

Troy complied with the notice requirement and may claim "other damages." The lease agreement authorizes the recovery of such damages in Section 6 which provides in pertinent part:

> Tenant shall maintain the Leased Premises in a good state of repair, reasonable wear and tear excepted, and will have repaired, at Tenant's expense, any damage caused by Tenant's misuse, negligence or neglect and any damage done by guests, invitees and pets of Tenant.
>
> . . . .
>
> Tenant shall make all other repairs not required to be made by Landlord to maintain the Leased Premises in the same condition they are at the commencement of this Lease and shall reimburse Landlord for the cost of any repairs listed . . . which result from the acts or neglect of Tenant, its agents, contractors or invitees. Tenant accepts the Leased Premises in their present condition.

R. at 143.

▪ The lease agreement requires the tenant to repair the pet odor damage at his

own expense. Therefore, the trial court could properly award damages beyond the amount of the security deposit to Troy based on her compliance with the statutory notice requirement of Indiana Code Section 32–7–5–14 and Section 6 of the lease agreement.

### MOTION TO CORRECT ERROR

The trial court provided no explanation for its denial of Greasel's Motion to Correct Error. A Motion to Correct Error is a prerequisite for appeal when a party seeks to address newly discovered material evidence. Ind. Trial Rule 59. The Motion to Correct Error must be filed not later than 30 days after the entry of final judgment. *Id.* Greasel offered as a basis for his Motion to Correct Error what he describes as "newly discovered evidence" that would likely result in reversal of the judgment against him. Troy argues that the motion was not timely because Greasel failed to file it within thirty (30) days of the date he had personal knowledge of the trial court's judgment.

Greasel's motion was timely filed. The judgment was read to the parties after trial in small claims court on September 30, 1996. A copy of the entry of judgment sent to the parties on October 2, 1996 stated, "Copies of the above served on all parties this date in compliance with Rule 72(d)." R. at 12. Greasel filed his Motion to Correct Error on November 1, 1996.

Indiana Trial Rule 59(C) provides:

The motion to correct error, if any, shall be filed not later than thirty (30) days after the entry of a final judgment or an appealable final order.

. . . .

Trial Rule 72(D) provides:

Immediately upon the entry of a ruling upon a motion, an order or judgment, the clerk shall serve a copy of the entry by mail in the manner provided for in Rule 5 upon each party who is not in default for failure to appear and shall make a record of such mailing. Such mailing is sufficient notice for all purposes for which notice of the entry is required by these rules . . .

■ The law is well-settled that where the record reasonably permits, this court prefers to dispose of appeals on their merits. *Slay v. Marion County Sheriff's Dept.,* 603 N.E.2d 877, 883 (Ind.Ct.App.1992). The judgment was read in open court in Greasel's presence on September 30, 1996; however, because the copy of the entry of judgment Greasel received indicated it was sent to satisfy Trial Rule 72(D), we find that the thirty day period within which the Motion to Correct Error must be filed began on the date of mailing, October 2, 1996. Therefore, Greasel timely filed his Motion to Correct Error.

While timely, the Motion to Correct Error was properly denied. Greasel included in his Motion to Correct Error what he describes as "newly discovered evidence" that the carpet and padding replacement estimate was invalid and that Pearson, Troy's real estate listing agent, had a financial interest in Troy's recovery.

■ Newly discovered evidence must be material, more than cumulative or impeaching, shown not to have been discoverable before trial by the exercise of due diligence, and evidence which would reasonably and probably change the outcome of the trial. *Mid–States Aircraft Engines, Inc. v. Mize Company, Inc.,* 467 N.E.2d 1242, 1246 (Ind. Ct.App.1984).

■ Greasel's assertion that the estimate was invalid is not newly discovered evidence but merely a characterization of evidence already offered and considered by the trial court; therefore, we defer to the judgment of the trial court in the determination of validity.

■ Greasel also claims he recently discovered a conflict of interest in the relationship between Troy and Pearson in that Pearson was Troy's listing agent. When a party attempts to obtain a new trial on the basis of newly discovered evidence, he must demonstrate that the evidence could not have been discovered before the trial by the exercise of due diligence. *Ernst v. Ernst,* 503 N.E.2d 619, 621 (Ind.Ct.App.1987). There is a strong presumption that the alleged evidence might have been discovered prior to trial. *Id.* at 622. The element of due dili-

gence requires the proponent to set out facts showing the exercise thereof; the bare assertion of due diligence is insufficient. *Id.* Greasel states in his Affidavit in support of his Motion to Correct Error that, prior to trial, he "made a diligent search to secure witnesses to prove said facts but was denied access to necessary records by defendant who would not return correspondence." R. at 17. This explanation does not convince us that Greasel exercised due diligence before trial to discover the relationship between Troy and Pearson which existed at that time; therefore, the nature of that relationship is not newly discovered evidence sufficient to serve as a basis for a new trial.

### TRIAL ATTORNEY FEES

Greasel argues that Troy is not entitled to attorney fees under the terms of the lease agreement due to her failure to comply with the statutory notice requirement of Indiana Code Section 32-7-5-14.

Where the landlord provides notice in satisfaction of the statute, she may recover "other damages" to which she is entitled under the lease agreement. *Miller,* 643 N.E.2d at 926. We have determined that the statement provided by Troy was sufficient; therefore, she may recover "other damages" if the lease agreement so provides.

Section 17 of the lease agreement provides, "Tenant shall pay the reasonable legal costs and attorney's fees of Landlord incurred in enforcing any covenant, term or condition of this lease." R. at 143. The lease agreement clearly requires the Tenant to pay the Landlord's attorney fees. Therefore, attorney fees were properly awarded because Troy complied with the statutory notice requirement and the fees were authorized under the terms of the lease agreement.

### APPELLATE ATTORNEY FEES

Troy also argues that she should be awarded damages in the form of appellate attorney fees pursuant to Indiana Appellate Rule 15(G) because Greasel's contentions were irrelevant, immaterial and implausible.

Rule 15(G) provides, "If the court on appeal affirms the judgment, damages may be assessed in favor of the appellee not exceeding ten percent (10%) upon the judgment, in money judgments, and in other cases in the discretion of the court; and the court shall remand such cause for execution." An award of damages under this statute is discretionary and may be ordered when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Orr v. Turco Mfg. Co., Inc.,* 512 N.E.2d 151, 152 (Ind.1987). The damages available under Rule 15(G) are sometimes characterized as appellate attorney fees. *See, e.g., Orr,* 512 N.E.2d at 152 (analyzing a motion for appellate attorney fees as a request for "damages" under Rule 15(G)) However, our supreme court has cautioned that Rule 15(G) damages should be awarded only when the arguments are "utterly devoid of all plausibility." *Id.* at 153. An appeal of an award of trial fees and costs does not automatically give rise to an award of appellate attorney fees. *Klebes v. Forest Lake Corporation,* 607 N.E.2d 978, 984 (Ind. Ct.App.1993).

Because Greasel supported his challenge of the sufficiency of Troy's statutory notice with pertinent legal authority from which an argument could have been made, we do not find that Greasel's contentions rise to the level of implausibility that would warrant an award of attorney fees under Appellate Rule 15(G).[2]

Affirmed.

RUCKER and BAKER, JJ., concur.

---

2. While we decline to order an award of appellate attorney fees under Rule 15(G), our decision does not preclude Troy from petitioning the trial court to amend its judgment to include a reasonable fee for the appeal.