**PINNACLE PROPERTIES,**
Appellant–Defendant,

v.

**Clayton SAULKA and Nathan Rabideau,**
Appellees–Plaintiffs.

No. 53A01–9709–CV–317.

Court of Appeals of Indiana.

March 26, 1998.

Michael L. Carmin, Andrews, Harrell, Mann, Chapman & Coyne, P.C., Bloomington, for Appellant–Defendant.

John M. Irvine, Student Legal Services, Bloomington, for Appellees–Plaintiffs.

## OPINION

GARRARD, Judge.

### *STATEMENT OF THE CASE*

Pinnacle Properties ("Pinnacle") appeals the trial court's judgment in favor of Clayton Saulka and Nathan Rabideau (the "Tenants"). The Tenants brought their small claims action against their former landlord, Pinnacle, after Pinnacle retained the Tenants' entire security deposit following the termination of their occupancy in property owned by Pinnacle. The Tenants sought return of their $2,500.00 security deposit, court costs, and attorney's fees. After a bench trial, the trial court entered judgment in favor of the Tenants.

We affirm in part, reverse in part, and remand with instructions.

### *ISSUES*

Pinnacle presents four issues for our review which we consolidate and restate as:

1. Whether the trial court erred when it concluded that Pinnacle failed to comply with the notice requirement of Indiana Code § 32–7–5–14.

2. Whether the trial court erred when it awarded attorney's fees.

3. Whether the judgment entered by the trial court was within the jurisdictional limits for small claims.

## FACTS

The Tenants were two of eight Indiana University students who entered into a lease agreement with Pinnacle for a term beginning on August 15, 1995, and ending on August 1, 1996. The Tenants secured the lease with a $2,500.00 security deposit. Within forty-five days of the termination of the Tenants' occupancy in the Pinnacle property, Pinnacle mailed the Tenants a "Vacate Report" indicating that their entire security deposit was being retained for damages to the property as well as indicating a balance owed to Pinnacle by the Tenants. The Vacate Report listed the following charges against the Tenants' security deposit: cleaning/trash out $558.00, carpet cleaning $180.40, carpet replacement $550.00, painting $700.00, other damages $670.00, unpaid rent $330.00. No other writing was sent to the Tenants within forty-five days of termination of the lease.

The Tenants filed a complaint in the Small Claims Division of the Monroe Circuit Court seeking the return of their $2,500.00 security deposit, attorney's fees and court costs. Pinnacle filed a counterclaim for the alleged balance owed by the Tenants after application of the security deposit. Following a bench trial held on April 16, 1997, the trial court entered its judgment in favor of the Tenants in the amount of $2,500.00 plus costs, and denied Pinnacle's counterclaim. After a subsequent hearing, the trial court awarded an additional $625.00 in attorney's fees to the Tenants. Pinnacle now appeals.

## DISCUSSION AND DECISION
### Issue One: Security Deposits
### Notice Requirement

In this appeal, we apply certain provisions of the Indiana Security Deposits Statute, Indiana Code §§ 32–7–5–1 through –19. Our legislature has provided that a security deposit may be used only for the following purposes:

(1) To reimburse the landlord for actual damages to the rental unit or any ancillary facility that are not the result of ordinary wear and tear expected in the normal course of habitation of a dwelling.

(2) To pay the landlord for all rent in arrearage under the rental agreement, and rent due for premature termination of the rental agreement by the tenant.

(3) To pay for the last payment period of a residential rental agreement where there is a written agreement between the landlord and the tenant that stipulates the security deposit will serve as the last payment of rent due.

(4) To reimburse the landlord for utility or sewer charges paid by the landlord that:

(A) are the obligation of the tenant under the rental agreement; and

(B) are unpaid by the tenant.

IND.CODE § 32–7–5–13. The statute further contains a notice requirement which provides:

In case of damage to the rental unit or other obligation against the security deposit, the landlord shall mail to the tenant, within forty-five (45) days after the termination of occupancy, *an itemized list of damages claimed* for which the security deposit may be used as provided in section 13 of this chapter, *including the estimated cost of repair for each damaged item* and the amounts and lease on which the landlord intends to assess the tenant. The list must be accompanied by a check or money order for the difference between the damages claimed and the amount of the security deposit held by the landlord.

IND.CODE § 32–7–5–14 (emphases added). A landlord's failure to comply with the notice requirement "constitutes agreement by the landlord that no damages are due, and the landlord must remit to the tenant immediately the full security deposit." IND.CODE § 32–7–5–15.

Pinnacle contends that the trial court erred when it concluded that Pinnacle had failed to comply with the notice requirement of the Security Deposits Statute, specifically the requirement of itemization. Here, the trial court found that the only writing sent from Pinnacle to the Tenants within the requisite forty-five days was the "Vacate Re-

port" received by the Tenants on or about September 13, 1996.[1] The Vacate Report listed the following charges against the Tenants' security deposit:

| | |
|---|---|
| Cleaning/Trash Out | $558.00 |
| Carpet Cleaning | $180.40 |
| Carpet Replacement | $550.00 |
| Painting | $700.00 |
| Other Damages | $670.00 |
| Unpaid Rent | $330.64 |

Record at 93A. Pinnacle maintains that the Vacate Report was sufficient to satisfy the itemization requirement. We must disagree.

■ Because the Security Deposits Statute is in derogation of the common law, it must be strictly construed. *Miller v. Geels*, 643 N.E.2d 922, 927 (Ind.Ct.App.1994), *trans. denied.* A strict reading of Indiana Code §§ 32–7–5–13 and –14 does not allow for substantial or partial compliance by the landlord with the itemization of damages notice requirement. Indeed, this Court has stated that Section 14's direction is explicit and mandatory when it states that the landlord "shall" mail an itemized list of damages "including" the estimated cost of repair for each damaged item. *Duchon v. Ross*, 599 N.E.2d 621, 624 (Ind.Ct.App.1992).

■ The most glaring deficiency found by the trial court in the Vacate Report is the charge against the Tenants' security deposit for $670.00 in "other damages." We can hardly say that the charge of a lump sum which appears to include charges for several items of damage satisfies the requirement that the landlord provide the tenant with an itemized list of damages including the estimated cost of repair of *each damaged item.* IND.CODE § 32–7–5–14. A landlord cannot merely itemize and include the estimated cost of repair for *some* items and then arbitrarily lump together "other damages" leaving the tenant unable to discern for what purpose his security deposit is being retained

and whether such charge is proper or reasonable.

■ The notice provision does not impose a difficult burden on the landlord. The purpose of the provision is to inform the tenant that the landlord is keeping the security and for what reason, as well as to allow that tenant an opportunity to challenge the costs for which the deposit is being used. *Meyers v. Langley*, 638 N.E.2d 875, 878 (Ind.Ct.App. 1994). However, if the landlord fails to provide the tenant with an itemized list of damages including the estimated cost of repair for *each damaged item*, the purpose for the notice provision has not been served.

Pinnacle failed to comply with the Security Deposits Statute. As we have stated, the notice provision does not provide for partial compliance and, thus, Pinnacle's charge against the Tenants' security deposit for "other damages" is fatal to its attempt at proper notice.[2] Pinnacle's failure to comply with the notice provision constitutes an agreement that no damages are due. *See* IND.CODE § 32–7–5–15.[3] The trial court properly concluded that the Tenants are entitled to the return of their full security deposit.

### Issue Two: Attorney's Fees

■ Pinnacle next challenges the trial court's award of attorney's fees to the Tenants. Indiana Code § 32–7–5–16 provides:

A landlord who fails to provide a written statement within forty-five (45) days of the termination of the tenancy or the return of the appropriate security deposit is liable to the tenant in an amount equal to the part of the deposit withheld by the landlord, plus reasonable attorney's fees and court costs.

Accordingly, if the landlord fails to abide by the written notice provisions of the Security

---

1. Although Pinnacle presented testimony that a move-out inspection report that more specifically itemized damages was also sent to the Tenants within the requisite forty-five days, the trial court rejected this testimony. We will not reassess the credibility of testimony on appeal.

2. We do not imply that the other listed items were sufficiently specific. We also note the statute does not contemplate partial compliance

since it requires that the balance due the tenant be returned with the notice.

3. Because we conclude that the failure to sufficiently itemize each damaged item is fatal to Pinnacle's claim, we need not address Pinnacle's contention that the trial court erred when it concluded that certain items of damage were not beyond ordinary wear and tear.

Deposits Statute, the landlord *is* liable to the tenant in an amount equal to the part of the deposit withheld plus reasonable attorney's fees and costs. Despite the mandatory liability for attorney's fees imposed by this section, Pinnacle contends that the trial court erred when it awarded the Tenants $625.00 in attorney's fees. Specifically, Pinnacle argues that because the Tenants were represented by Student Legal Services, a nonprofit organization, the Tenants have not and will not personally incur any legal fees and, thus, cannot recover such fees. Again, we disagree with Pinnacle.

This court has permitted the recovery of attorney fee's in a situation similar to the one at bar in *Kleine–Albrandt v. Lamb*, 597 N.E.2d 1310 (Ind.Ct.App.1992). In *Lamb*, the plaintiff was represented by Student Legal Services on her complaint seeking damages from her former employer pursuant to a statute dealing with the payment of wages to an employee after the employee voluntarily leaves a job. The statute at issue provided that once the plaintiff meets her burden of showing that the employer improperly withheld wages, the court *shall* assess a reasonable attorney's fee. *Id.* at 1312 (citing IND. CODE § 22–2–5–2). In concluding that the trial court erred when it failed to assess reasonable attorney's fees, we noted that such fees are mandatory pursuant to the wage statute. *Id.* at 1311. Moreover, we noted that the fact that a plaintiff is represented by a nonprofit legal organization is of no moment as a party need not be personally liable for the attorney's compensation before fees may be assessed. *Id.* at 1312–13.

In deciding that a party need not actually incur liability for legal representation to justify an award of attorney's fees, we relied in part on our supreme court's decision in *Beeson v. Christian*, 594 N.E.2d 441 (Ind.1992). In *Beeson*, our supreme court reinstated the trial court's award of attorney's fees to the wife in a dissolution proceeding even though the wife's attorney testified that he had agreed not to charge the wife for his services. The *Beeson* court reasoned that the statute permitting the award of attorney's fees in dissolution actions serves the public policy of insuring equal access to the courts despite the relative financial conditions of the parties. *Id.* at 443. The court concluded that such policy would be undermined if it were to hold that a party must be personally obligated to pay attorney's fees before the trial court could order the other party to pay those fees. *Id.* The *Beeson* court went on to state:

> This situation is analogous to some *pro bono* arrangements where an attorney agrees to represent a client and to accept a fee only if one is awarded by the trial court and paid by the other side. As here, the client is never legally obligated to pay the fee, and the attorney is paid only if the trial court awards a fee. Such an arrangement supports the process of allowing access to the courts to those with limited means.

*Id.* (emphasis in original).

In light of the reasoning of both *Beeson* and *Lamb*, we conclude that the trial court properly assessed reasonable attorney's fees in the instant case notwithstanding the fact that the Tenants were represented by Student Legal Services. Indeed, this conclusion is consistent with the language of Indiana Code § 32–7–5–16 which provides that once the landlord fails to comply with the notice requirement, the landlord *is* liable for attorney's fees. However, we recognize, as did the court in *Lamb*, that any award made directly to the Tenants would result in a windfall to the Tenants and, thus, the award must be made to Student Legal Services. *See Lamb*, 597 N.E.2d at 1313.[4]

**Issue Three: Jurisdictional Amount**

Finally, Pinnacle contends that the small claims court exceeded its jurisdiction when it entered judgment in favor of the Tenants in the amount of $2,500.00 plus $625.00 in attor-

---

4. We are mindful of the fact that in *Lamb*, we found that an award of fees directly to Student Legal Services rather than to the plaintiff was consistent with the language of the wage statute which provided that the award be assessed "for the plaintiff's attorney or attorneys" rather than for or to the plaintiff. *Lamb*, 597 N.E.2d at 1313; IND CODE § 22–2–5–2. However, such statutory language was neither dispositive nor necessary to justify an award directly to the attorney in this type of *pro bono* situation.

ney's fees, resulting in a total award of $3,125.00. We agree with Pinnacle on this issue.

■■■ Indiana Code § 33–5–2–4 provides in relevant part that the small claims docket has jurisdiction over "[c]ivil actions in which the amount sought or the value of property sought to be recovered is not more than three thousand dollars ($3,000)." So long as the judge's award is within jurisdictional bounds, the award is sound. *Meyers*, 638 N.E.2d at 878. Despite the Tenants' argument to the contrary, we read the statutory language as providing that the total amount of the judgment, apart from court costs, must not exceed $3,000.00. The statute does not distinguish between damages and attorney's fees in setting the total jurisdictional amount recoverable, and we decline to recognize such a distinction. Moreover, the Indiana Rules for Small Claims make no provision for the recovery of attorney's fees in addition to the jurisdictional amount.[5] Accordingly, the trial court's judgment is in error to the extent that it exceeds $3,000.00.

## Conclusion

The trial court's judgment is affirmed in part, reversed in part and remanded with instructions for the court to reduce its judgment to an amount not to exceed $3,000.00, to provide that payment of attorney's fees be made to Student Legal Services, and any other necessary action consistent with this opinion.

STATON, J., concurs.

HOFFMAN, J., dissents in part and concurs in part and files separate opinion,

HOFFMAN, Judge, dissenting and concurring.

I respectfully dissent insofar as the majority finds that Pinnacle's partially inadequate notice entitles the tenants to return of their entire security deposit. As set out in the majority opinion, the security deposit statute requires: "an itemized list of damages

claimed . . . including the estimated cost of repair for each damaged item." IND.CODE § 32–7–5–14 (1993 Ed.).

IND.CODE § 32–7–5–15 (1993 Ed.) provides:

> Failure by the landlord to comply with the notice of damages requirement within the forty-five (45) days after the termination of occupancy constitutes agreement by the landlord that no damages are due, and the landlord must remit to the tenant immediately the full security deposit.

The majority and the trial court determined that, unless the notice is in compliance *in toto* and the difference between the amount claimed and the amount held is tendered, the statute requires the landlord to remit the total security deposit, even those portions for which the notice was adequate. I disagree. The above statute appears to contemplate return of the full security deposit when the entire notice fails, e.g. untimely notice, no itemization, or no estimated costs. I believe the statute is inapposite when only a portion of the notice fails. Then, the inadequate portion constitutes agreement that no damages are due, and the amount attributable to the inadequate notice portion must be remitted in full.

In *Rueth v. Quinn*, 659 N.E.2d 684, 688–690 (Ind.Ct.App.1996), this Court addressed the propriety of a judgment in favor of the tenants for return of their entire security deposit, when the landlord erroneously claimed inflated damages for two of the three itemized losses listed in the notice. It was determined that the notice was not in compliance with the statutes; however, the landlord was entitled to deduct from the security deposit the proper amounts proven at trial. *Id.* at 689–690.

I do not believe that the security deposit statute is an all or nothing proposition. Without doubt, the statutes intend to curb abuses and require a minimum level of specificity. Thus, withholding the security deposit based upon a general claim of damages to the premises does not fulfill the purpose of the

---

**5.** We note that Indiana Small Claims Rule 11(B) provides that the party recovering judgment shall recover costs regardless of the amount.

statutes. *See Duchon v. Ross,* 599 N.E.2d 621, 624 (Ind.Ct.App.1992). However, where the landlord timely sends an itemized statement with estimated costs of repairs, the failure of some of the items for specificity does not cast out all claims by the landlord. The notice requirement is intended to allow tenants adequate information to contest the withheld amount. *See Meyers v. Langley,* 638 N.E.2d 875, 878–879 (Ind.Ct.App.1994). Landlords are required to assess the damages, obtain estimates for repairs, and tender any excess security deposit within the prescribed period.

The majority opinion compels landlords to limit the itemized amounts to those which cannot be refuted at trial, because once a tenant objects and a court determines that an amount is not reasonable, or erroneously withheld, the landlord forfeits even the substantiated charges. Certainly, the statutes discourage overreaching and unscrupulous retention of security deposits. They do not, however, compel landlords to unrefutably itemize damages in a legal roll of the dice where they may lose all by a misstep.

In particular, in this case, the trial court determined that $545 of the $558 charge for cleaning and clearing trash was substantiated by receipts. The trial court did not find that amount invalid for any other reason. The $545 charge should be deducted from the $2,500 security deposit retained.

Essentially, the court determined that the other charges in the vacate report were not proven or not available. This Court may not reweigh evidence on appeal. Be that as it may, had the landlord presented sufficient evidence as to "carpet cleaning" and "painting," I believe that those categories are sufficiently explicit to meet the itemization requirement within the security deposit statute. I agree that the "other damages" and "unpaid rent" entries are facially inadequate. Those entries did not place the tenants on notice as to the damage claimed or any relationship between the estimated cost and the asserted loss.

In summary, I disagree with the majority's conclusion that the security deposit statute does not contemplate partial compliance; thus, any impropriety in a timely notice is fatal to the landlord's claims and the entire security deposit must be returned. Partial compliance is satisfactory for those amounts adequately presented. In keeping with the purpose of the statutes and acting as a deterrent to those who would withhold amounts without proper investigation or documentation, the failure of any amounts improperly withheld subjects the landlord to payment of the tenant's costs and attorney's fees.

Accordingly, I would reduce the judgment by the amount of the cleaning charge for which the trial court found adequate substantiation. The costs and attorney's fees incurred to obtain the balance of the unproven and improper charges does not hinge upon the reduction and would remain the same.