Mark **TURLEY**, Appellant–Plaintiff,

v.

Joseph T. **HYTEN**, Appellee–Defendant.

No. 79A04–0010–CV–419.

Court of Appeals of Indiana.

May 31, 2001.

Publication Ordered June 20, 2001.

---

James E. Ayers, Wernle, Ristine & Ayers, Crawfordsville, IN, Attorney for Appellant.

Ian A.T. McLean, Crawfordsville, IN, Attorney for Appellee.

## OPINION

KIRSCH, Judge.

Mark Turley ("Landlord") appeals the trial court's grant of partial summary judgment in favor of Joseph Hyten ("Tenant") on Landlord's complaint and Tenant's counterclaim. Landlord raises two issues on appeal that we restate as follows:

I. Whether Landlord must provide notice of intent to retain security deposit when Tenant breaches the lease agreement and unpaid rent equals or exceeds the security deposit.

II. Whether Landlord may still recover for "other damages" in excess of the security deposit if he failed to provide statutory notice of intent to retain security deposit.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On April 21, 1995, Landlord entered into a lease agreement with Tenant for his lease of residential property ("premises") located in Darlington, Indiana for a period of one year, from May 1, 1995 through April 30, 1996. Tenant agreed to monthly rent of $450 due in advance on the first day of each month, and he paid Landlord a security deposit equal to one month's rent.

On or about January 29, 1996,[1] Tenant verbally advised Landlord that he intended to vacate the premises that evening. Landlord inspected the premises on January 31, but found Tenant still in possession. Upon subsequent inspection on February 3, 1996, Landlord found that Tenant had vacated the premises, leaving the thermostat on high, the propane tank that fueled the furnace empty, and a window in the premises open, thereby causing burst pipes and other damage to the residence. Tenant did not pay rent in February or thereafter.

On February 7, 1996, Tenant sent Landlord a letter by certified mail that provided his forwarding address and requested the return of his security deposit. On February 25, Landlord responded:

"In response to your letter of February 7, 1996, this is notification to you regarding expenses chargeable to you under the terms of your lease.

Pictures have been taken, and the Town Marshall was invited in to see the house in the condition you left it. You left behind trash and there are many holes in the walls to be patched before it can be painted. There is also damage to the building.

---

1. It is unclear from the Record exactly on what date Tenant called Landlord. Landlord's answers to interrogatories indicate that Tenant called him on January 29, 1996. *Record* at 51. However, Landlord's affidavit filed in response to Tenant's motion for partial summary judgment states that Tenant called him on January 31, 1996. *Record* at 67, 78.

When you called to say that you were moving, you didn't tell us there was no heat in the house and all the pipes froze and burst. The damage to the carpet and floors is very bad. The toilet bowl burst, to name just a few of the problems. The house will have to be totally replumbed.

The Water Company called and said that you had told them early on in the month that you were moving and they put the billing back in our name. That is why they called to tell us something might be wrong because 24,000 gallons of water had gone through leaving 'a pretty large bill for Mark to have to pay[.]' Had you also told us you were moving, perhaps this could have been avoided.

All though [sic] we don't have a complete estimate yet, the damage is already more than $1,400.00. After a complete assessment is made, we will give you a full itemized statement. It will also include lost rent due to our inability to lease the house again on a timely basis."

*Record* at 58. Landlord provided Tenant with the referenced itemized statement on October 15, 1996.

Landlord filed a complaint for damages against Tenant. Tenant timely answered the complaint and asserted a counterclaim against Landlord that, in part, sought return of his security deposit and payment of his attorney's fees. The trial court granted Tenant's motion for partial summary judgment, denying Landlord relief and entering judgment for Tenant on his counterclaim against Landlord in the amount of $450 plus Tenant's attorney's fees, on the basis that Landlord failed to comply with statutory notice requirements. Landlord now appeals.

## DISCUSSION AND DECISION

Initially, we note our standard of review. In reviewing the propriety of the grant of summary judgment, we apply the same standard as the trial court. *Schoknecht v. Hasemeier*, 735 N.E.2d 299, 301 (Ind.Ct. App.2000); *Deckard Realty & Dev. v. Lykins*, 688 N.E.2d 1319, 1321 (Ind.Ct.App. 1997), *trans. denied* (1998). We do not weigh the evidence designated by the parties. Instead, we liberally construe the evidence in the light most favorable to the non-moving party. *Schoknecht*, 735 N.E.2d at 301. Summary judgment is appropriate only if the pleadings and evidence show both the absence of a genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* at 301–02. It will be affirmed on appeal if it is sustainable on any theory or basis found in the evidentiary matter designated to the trial court. *Figg v. Bryan Rental, Inc.*, 646 N.E.2d 69, 71 (Ind.Ct.App.1995), *trans. denied*. On appeal, a trial court's grant of summary judgment is "clothed with a presumption of validity." *Id.*

### I. Sufficiency of Damages Letter

By enacting Indiana's Security Deposits statute, IC 32–7–5–1 through 19, our legislature intended "to provide special protection for security deposits, which often give rise to landlord-tenant disputes." *Miller v. Geels*, 643 N.E.2d 922, 927 (Ind. Ct.App.1994), *trans. denied* (1995). Section 14 contains strict notice requirements and states in relevant part:

"In case of damage to the rental unit or other obligation against the security deposit, the landlord shall mail to the tenant, within forty-five (45) days after the termination of occupancy an itemized list of damages claimed for which the security deposit may be used as provided in section 13 of this chapter, *including the estimated cost for each damaged item*

and the amounts and lease on which the landlord intends to assess the tenant." IC 32–7–5–14 (emphasis added). The purpose of the notice requirement is to inform the tenant that the landlord is keeping the security deposit and for what reason, and to allow the tenant an opportunity to challenge the costs for which the deposit is being used. *Pinnacle Props. v. Saulka,* 693 N.E.2d 101, 104 (Ind.Ct.App.1998), *trans. denied; Greasel v. Troy,* 690 N.E.2d 298, 302 (Ind.Ct.App.1997).

Landlord claims that the trial court erred in rendering summary judgment for Tenant, arguing that he provided the statutorily required notice of itemized damages. We disagree. Section 14's direction is explicit and mandatory. *Pinnacle Props.,* 693 N.E.2d at 104 (citing *Duchon v. Ross,* 599 N.E.2d 621, 624 (Ind.Ct.App. 1992)). "It says the landlord 'shall' mail an itemized list of damages 'including' the estimated costs of repair and the list 'must' be accompanied by payment for excess deposit (if any)." *Duchon,* 599 N.E.2d at 624.

In this case, Landlord sent two letters, one in February 1996 and another in October 1996. As the latter is well outside the forty-five day time limit, discussion of its contents is unnecessary. The February letter, although timely, was insufficiently detailed to comply with IC 32–7–5–14. We acknowledge that Landlord's letter rather thoroughly identified various damaged items and stated that total damages exceeded $1,400; however, it did not provide the estimated cost for each damaged item. Without identification of the cost of each repair, Tenant was unable to discern whether the individual charges that comprised the $1,400 were proper or reasonable. *See Pinnacle Props.,* 693 N.E.2d at 104 (tenant entitled to return of full security deposit where landlord itemized and stated cost of repair for some items, but

lumped together "other damages" at $670). Consequently, Landlord's notice was insufficient to meet the statutory notice requirements. *See Duchon,* 599 N.E.2d at 624 (landlord's letter that alleged damaged items but did not include estimated cost of repair for each item was insufficient).

Landlord suggests that because February rent was due and owing when Tenant vacated, and the unpaid rent equaled the security deposit amount, notice was unnecessary. He is incorrect. Regardless of whether unpaid rent equals or exceeds the security deposit, Landlord must give statutory notice of intent to hold the security deposit. *See Miller,* 643 N.E.2d at 925 (where tenants were $1,050 in arrears in rent, landlord was entitled to withhold entire $840 security deposit *provided that* he met notice requirements of Sections 12(a)(3) and 14) (emphasis added); *Skiver v. Brighton Meadows,* 585 N.E.2d 1345, 1347 (Ind.Ct.App.1992) (where landlord failed to send tenant letter itemizing accrued rent due to tenant's premature termination of rental agreement, landlord was required to return full security deposit to tenant).

## II. Other Damages

Landlord argues that even if he failed to comply with the notice requirements, and must therefore return the full security deposit, he may nevertheless recover for other damages, such as waste to the premises. IC 32–7–5–12 preserves the right of the landlord or tenant to recover other damages to which either is entitled. *See Miller,* 643 N.E.2d at 927. It states in pertinent part:

"(a) Upon termination of a rental agreement, all of the security deposit held by the landlord shall be returned to the tenant, except for any amount applied to:

(1) the payment of accrued rent;

(2) the amount of damages that the landlord has or will reasonably suffer by reason of the tenant's noncompliance with law or the rental agreement; and (3) unpaid utility or sewer charges that the tenant is obligated to pay under the rental agreement;

all as itemized by the landlord in a written notice delivered to the tenant together with the amount due within forty-five (45) days after termination of the rental agreement and delivery of possession. . . .

(b) If the landlord fails to comply with subsection (a), the tenant may recover all of the security deposit due the tenant and reasonable attorney's fees.

(c) *This section does not preclude the landlord or tenant from recovering other damages to which either is entitled.*"

IC 32–7–5–12 (emphasis added). Based upon the language of subsection (c), Landlord maintains that he is entitled to pursue his claim against Tenant for damages. Tenant responds with IC 32–7–5–15, which states:

"Failure by the landlord to comply with the notice of damages requirement within the forty-five (45) days after the termination of occupancy *constitutes agreement by the landlord that no damages are due,* and the landlord must remit to the tenant immediately the full security deposit."

IC 32–7–5–15 (emphasis added). Tenant asserts that according to this section, Landlord's failure to comply with the notice provisions precludes him from recovering any other damages in excess of the security deposit. Landlord replies that to require forfeiture of all other damages merely for failure to adequately provide notice of intention to retain security deposit would render the provisions of section 12(c) meaningless and the Security Deposits statute internally inconsistent.

Existing caselaw concludes any debate on the issue. This court addressed section 15's effect upon the right of recovery of "other damages" under section 12 as follows:

"[Section] 12 does not prevent the landlords from pursuing their claims for 'other damages,' which could include claims for amounts in excess of the security deposit or other types of damages not specified in [Section] 12. However, the clear intent of Section 15 is that if a landlord fails to provide the requisite notice within the 45–day period there are no 'other damages' to collect. A landlord can attempt to pursue a claim for 'other damages' only if it returns the tenant's security deposit within 45 days or provides statutory notice."

*Miller,* 643 N.E.2d at 925–26 (quoting *Duchon,* 599 N.E.2d at 625 and citing *Skiver,* 585 N.E.2d at 1347). By failing to provide the requisite statutory notice to Tenant, Landlord implicitly agreed that no damages were due. Consequently, he may not pursue a claim for other damages.

Affirmed.

SHARPNACK, C.J., and MATTINGLY–MAY, J., concur.

## *ORDER*

This Court having heretofore handed down its opinion in this case on May 31, 2002, marked Memorandum Decision, Not for Publication; and

Comes now the Appellee, by counsel, and files herein Motion for Publication, alleging therein that said decision clarifies a rule of law which often forms the basis of disputes between landlords and tenants, particularly with respect to the argument of the Appellant that I.C. § 32–7–5–12(c) allows suits for "other damages" in excess of security deposits and no notice of dam-

ages need be set under I.C. § 32–7–5–14 if the amount of rent allegedly owing is in excess of the security deposit, and prays this Court to designate its opinion of May 31, 2001, as "For Publication," which Motion is in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Motion and being duly advised, now finds the Appellee's Motion for Publication should be granted and that this Court's opinion in this appeal should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. The appellee's Motion for Publication is granted and this Court's opinion heretofore handed down in this cause on May 31, 2001, marked Memorandum Decision, Not for Publication, is now ordered published.