**Stephanie KLEINE–ALBRANDT, Appellant–Plaintiff,**

v.

**Carl LAMB and Fitness and Exercise, Inc. d/b/a FX Fitness Center, Appellees–Defendants.**

No. 53A05–9201–CV–21.

Court of Appeals of Indiana, Fifth District.

Aug. 26, 1992.

Lisa A. Farnsworth, Student Legal Services, Bloomington, for appellant-plaintiff.

Carl Paul Lamb, Bloomington, for appellees-defendants.

SHARPNACK, Judge.

Stephanie Kleine–Albrandt appeals from a judgment against both Carl Lamb and Fitness and Exercise, Inc. ("F/X") which awarded Kleine–Albrandt damages and costs pursuant to Ind.Code § 22–2–5–2, but which did not assess attorney's fees. We reverse.

Kleine–Albrandt raises the following dispositive issue on appeal:

Whether I.C. § 22–2–5–2 grants the trial court discretion to deny attorney's fees to a nonprofit legal organization representing a prevailing plaintiff.

The facts before this court are limited as the parties waived a record of the evidence presented in small claims court. However, all of the essential facts to this appeal either appear in the record or are undisputed by the parties upon appeal. Kleine–Albrandt filed a complaint in small claims court against Lamb seeking recovery of actual damages, liquidated damages, court costs and attorney's fees pursuant to I.C. § 22–2–5–1 (dealing, in relevant part, with the payment of wages to an employee after the employee voluntarily leaves the job), and she later joined F/X as a defendant.

F/X filed an admission of liability prior to the trial. At trial, Lamb failed to appear and the court entered judgment for Kleine–Albrandt and against both defendants. The court awarded liquidated damages of $67.50 plus $30 in court costs, but it did not assess attorney's fees. Kleine–Albrandt filed a motion to correct error which the trial court denied with the following order:

"[T]he Court concedes that the staff, interns and attorneys at Indiana University's Office of Student Legal services spent time in preparation for trial and that said services were performed superbly on behalf of their client, the Plaintiff; however, upon inquiry by the court, the testimony at trial was that any award of attorney fees would not be awarded to the Plaintiff, Mrs. Stephanie Kleine–Ahlbrandt [sic], but rather would be deposited into a revolving interest-free student loan fund for the benefit of legal interns in the office of Student Legal Services. The Court believes such use of an award of attorney fees is neither "reasonable", as intended by the Indiana General Assembly upon amending Section 8 of this statute in Public Law 144—1986, nor within the meaning of "reasonable" as interpreted by the Indiana Court of Appeals. But rather such a mandatory award of reasonable attorney fees as prescribed by the statute is to ensure adequate legal representation in the employment circumstance addressed by the statute. In the case at bar, the Plaintiff received superior legal representation through the office of Student Legal Services, without being assessed for the services provided in this action, which is funded at least in part, by public funds. A part of the mission of this university office is to provide a working environment for Indiana University law students for professional practical experience prior to graduation, a goal wholeheartedly supported and encouraged by this Court, as well as benefiting [sic] other Indiana University students by providing free legal advice and counsel under certain circumstances. As admirable as such goals and policies are, the Court believes they do not fall within the meaning of "reasonable attorney fees" as referred to in Indiana Code 22–2–5–2. . . ."

(Record, pp. 28–29)

We agree with Kleine–Albrandt's contention that the trial court erred as a matter of law in failing to assess a reasonable fee because such fees are mandatory when a plaintiff prevails on the merits of a claim under I.C. § 22–2–5–2. Ind.Code § 22–2–5–1 places upon an employer a duty to pay an employee who voluntarily leaves employment any wages due by the "next and regular day for payment of wages." *Id.* Ind.Code § 22–2–5–2 provides the mechanism for enforcement of that duty as follows:

"Every such person, firm ... who shall fail to make payment of wages ... as provided in section 1 ... shall, as liquidated damages for such failure, pay to such employee for each day that the amount due to him remains unpaid ten

percent (10%) of the amount due to him in addition thereto, not exceeding double the amount wages due, ... *and in any suit so brought to recover said wages or the liquidated damages for nonpayment thereof, or both, the court shall tax and assess as costs in said case a reasonable fee for the plaintiff's attorney or attorneys."*

(emphasis added) Under the plain language of the statute, once the plaintiff meets her burden of showing that the employer has improperly withheld her wages, she has invoked the penalty provisions of I.C. § 22–2–5–2 and the court shall assess a reasonable attorney's fee without further showing. *Fardy v. Physicians Health Rehabilitation Services, Inc.* (1988), Ind.App., 529 N.E.2d 879, 883. The statute makes no exception for cases where the plaintiff has been provided legal services free of charge and we will not judicially graft such an exception onto the statute.

Lamb counters that the trial court correctly found that an award of attorney fees would not be reasonable here because Kleine–Albrandt did not personally incur liability for any fees, and because the money would be used by Student Legal Services for the benefit of third parties. However, the weight of authority refutes Lamb's contentions. Our supreme court recently addressed a similar issue involving an award of attorneys fees pursuant to a dissolution proceeding. *Beeson v. Christian* (1992), Ind., 594 N.E.2d 441. In that case, the trial court had awarded appellate attorney fees to Wife's attorney pursuant to I.C. § 31–1–11.5–16, but the court of appeals had reversed the award on the basis that Wife's attorney testified that he had agreed not to charge Wife for his services. The supreme court based its decision to vacate court of appeals' opinion on the following reasoning:

" '[T]he statute permitting the award of attorney fees serves to insure equal access to the courts despite the relative financial conditions of the parties.' [*P.B. v. T.D.* (1990), Ind., 561 N.E.2d 749, 750] That public policy would be undermined if we were to hold that a party must be personally obligated to pay attorney fees

before the trial court could order the other party to pay those fees. Such a policy might, in some circumstances, effectively eliminate the right to appeal in dissolution proceedings. This Court will not force a party in a dissolution action to choose between foregoing legal action or obligating that party to a fee agreement which such party could not meet.

This situation is analogous to some *pro bono* arrangements where an attorney agrees to represent a client and to accept a fee only if one is awarded by the trial court and paid by the other side. As here, the client is never legally obligated to pay the fee, and the attorney is paid only if the trial court awards them. Such an arrangement supports the process of allowing access to the courts to those with limited means."

*Id.* at 443.

Although the policy underlying I.C. § 22–2–5–2 differs from that underlying the award of attorney's fees under the dissolution statute, we believe that the former presents an even stronger case for requiring the assessment of fees to nonprofit legal organizations. Ind.Code § 22–2–5–2 is a penal statute designed to ensure compliance with I.C. § 22–2–5–1. Through that section, the General Assembly has provided a deterrent to violations of § 22–2–5–1, and has allocated certain costs of enforcement to the violator, not to the plaintiff or the public. Cases dealing with 42 U.S.C. § 1988 providing for attorney's fees to litigants successful in prosecuting civil rights actions are therefore analogous to the question before us due to the penal nature of that statute. The following passage from *Oldham v. Ehrlich* (8th Cir. 1990), 617 F.2d 163, eloquently analyzes the application of such statutes where the plaintiff is represented by a nonprofit legal organization:

"Although a court may consider a large number of factors in arriving at a reasonable attorney's fee under 42 U.S.C. § 1988 (citation omitted), we conclude it is inappropriate to consider that the prevailing plaintiff's attorney was working for a legal aid organization. The basic

purpose of section 1988—to encourage enforcement and observance of civil rights—permits no distinction between private attorneys and legal aid organizations. Legal aid organizations can expand their services to indigent civil rights complaints by virtue of their receipt of attorney's fees. And a defendant sued by a plaintiff retaining legal aid counsel should not be benefited by the fortuity that the plaintiff could not afford private counsel. Thus, whether the focus is on enabling suit by those otherwise unable to afford litigation, or on deterring misconduct by imposing a monetary burden upon the wrongdoer, a legal aid organization merits an attorney's fee fully as much as does the private attorney (footnote omitted)."

*Oldham,* 617 F.2d at 168–169. *See Stanton v. Godfrey* (1981), Ind.App., 415 N.E.2d 103. *See also Blum v. Stevenson* (1984), 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (holding that fee calculation under 42 U.S.C. § 1988 should be done according to market rate of services, not cost of services to prevailing plaintiff).[1]

We are aware of language in *Midland–Guardian Co. v. United Consumers Club* (1986), Ind.App., 499 N.E.2d 792, which may be read in support of Lamb's position that the plaintiff must actually incur liability for her representation to justify the award of an attorney's fee, even in the case of penal statutes. In interpreting I.C. 34–4–30–1, which allows for the recovery of treble damages, costs, and reasonable attorney's fees where the defendant has violated I.C. § 35–43 *et seq.,* the *Midland* court reversed the trial court's inclusion of litigation expenses stating, " 'Attorney's fees' includes only those amounts as paid compensation to the attorney [as contrasted to expenses advanced by the attorney for transcription of depositions, meals and lodging]." *Midland–Guardian,* 499

N.E.2d at 801. However, the question of whether a plaintiff must actually be liable for the attorney's compensation was not directly before the *Midland* court, and in light of *Beeson* and *Oldham,* we do not read the above quoted language as dispositive of the issue before us.

Because we hold that the fact that Kleine–Albrandt did not incur any expense cannot act as a bar to the assessment of attorney's fees to Student Legal Services in this action, we reverse and remand to the trial court for the award of a reasonable fee. We do recognize that any award directly to Kleine–Albrandt would result in a windfall in this action, and we hold that the award must be made directly to Student Legal Services. We believe that such an award is consistent with the language of the statute in that the statute does not state that the award of fees is to be made to the plaintiff but rather that the court shall "tax and assess ... a reasonable fee for the plaintiff's attorney or attorneys." I.C. § 22-2-5-2. *See also P.B. v. T.D.* (1990), Ind. 561 N.E.2d 749, 750–751 (recognizing that attorney's fee award made pursuant to dissolution action may be enforced by attorney in her own name).

REVERSED AND REMANDED.

BARTEAU and CHEZEM, JJ., concur.

---

1. Many state courts have also read various of their own statutes providing for the award of reasonable attorney's fees to encompass awards to non-profit legal services organizations. *See, e.g., Lee v. Green* (1990), Del., 574 A.2d 857; *Tofte v. Washington State Department of Social and Health Services* (1975), 85 Wash.2d 161, 531 P.2d 808; *Orndorff v. West Virginia Department of Health* (1980), 165 W.Va. 1, 267 S.E.2d 430; *Shands v. Castrovinci* (1983), 115 Wis.2d 352, 340 N.W.2d 506. Some courts have specifically found that the mere fact that free legal services were provided by uncompensated student legal interns does not prohibit the award of fees. *Darmetko v. Boston Housing Authority* (1979), 378 Mass. 758, 393 N.E.2d 395, 399–400.