**PAYDAY TODAY, INC., Edward R. Hall, Appellants–Defendants,**

v.

**Maria L. HAMILTON, Appellee–Plaintiff.**

No. 71A03–0805–CV–255.

Court of Appeals of Indiana.

July 20, 2009.

---

28

Edward R. Hall, Merrillville, IN, Attorney for Appellants.

Judith Fox, South Bend, IN, Attorney for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF CASE

Defendants/Counterclaimants–Appellants Payday Today, Inc. ("Payday") and Edward R. Hall ("Hall") (collectively, "the defendants") appeal from the trial court's grant of judgment on the pleadings and the grant of summary judgment in favor of Plaintiff–Appellee Maria L. Hamilton ("Hamilton"). We affirm in part, reverse in part, and remand.

### ISSUES

The defendants raise five issues for our review, which we restate as:

I. Whether the trial court erred in granting summary judgment on Hamilton's claim under the Small Claims Act.

II. Whether the trial court erred in granting summary judgment on Hamilton's claim under the Fair Debt Collection Practices Act.

III. Whether the trial court erred in granting judgment for Hamilton on the defendants' counterclaims.

IV. Whether the defendants were unfairly denied leave to amend their counter-complaint.

V. Whether the trial court erred in granting attorney fees to Hamilton.

### FACTS AND PROCEDURAL HISTORY

Payday is a payday loan company, and Hall is its attorney. In July of 2004, Payday loaned $125.00 to Hamilton, a "small loan" as defined by Ind.Code § 24–4.5–7–104(a). Under the terms of the loan agreement, Hamilton was to pay $143.75, including the $125.00 principal and an $18.75 service charge, within two weeks from the date of the loan. As security for the loan, Hamilton provided Payday with a post-dated check for $143.75. When Hamilton's check was returned to Payday, Hall mailed her a letter demanding the amount of the check, coupled with a $20.00 returned check fee and $300.00 in attorney fees. The letter stated that payment of these amounts was necessary for Hamilton to avoid a lawsuit. Specifically, the letter stated in pertinent part:

Re: DISHONORED CHECK TO **Payday Today, Inc./South Bend**

Please be advised that this office has been retained to represent the above lender with respect to a small loan Agreement No ..., dated 06/03/2004. This lender accepted your check as security for a loan in the amount of ($143.75). The agreement called for your check to be cashed pursuant to the terms of the loan agreement, if you had not previously made arrangements to satisfy the loan. You have failed to make payment to the lender as agreed, and upon presentation, the banking institution on which it was drawn did not honor your check. You have been previously notified by the lender of your returned check and have taken no action to resolve the matter.

IF YOU WANT TO RESOLVE THIS MATTER WITHOUT A LAWSUIT, now is the time for action. To do so, you must pay the following amounts, (1) the full amount of the check plus, (2) a $20 returned check fee, and (3) attorney fees of $300. This payment must be in the form of a cashier's check or money order payable to Attorney Edward R. Hall. If you fail to pay in full the amount due within ten days from the date of this letter, we may file suit immediately, in which you may be liable for the follow-

ing amount under I.C. § 24–4.7–5 et seq.; (1) the amount of the check; (2) a twenty dollar returned check fee; (3) court costs; (4) reasonable attorney fees; (5) all other reasonable costs of collection; (6) three times (3x) the amount of the check if the face amount of the check was not greater than $250.00, or (7) if the face amount of the check was $250.00 or more, the check amount plus five hundred dollars ($500.00), and pre-judgment interest at the rate of 18% per annum.

(Appellants' App. 1 at 13; Appellant's App. 2 at 17). (Emphasis in original). Hall's letter further advises Hamilton that she could be liable for various damages if she was found to have presented her check in a fraudulent manner.

On November 2, 2005, Hamilton filed a complaint against Payday and Hall alleging violations of the Indiana Uniform Consumer Credit Code–Small Loans (Ind. Code § 24–4.5–7 et seq.) ("SLA") and the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 (2000)) ("FDCPA"). In Count I of the complaint, Hamilton alleged that Payday violated the SLA when

 a. [Hall] threatened … to file a lawsuit against [Hamilton] that would demand damages in excess of what [the defendants] are permitted to recover under I.C. 24–4.5–7–202, thereby violating I.C. 24–4.5–7–410(b), and [Payday] caused this threat to be made, thereby violating I.C. 24–4.5–7–410(b).

 b. [Hall] made misleading and deceptive statements to [Hamilton] … regarding the amount [the defendants] could recover for a small loan, thereby violating I.C. 24–4.5–7–410(c), and [Payday] caused these statements to be made, thereby violating I.C. 24–4.5–7–410(c).

 c. [Hall] represented [in his letter] that [Hamilton], as a borrower of a small loan, is liable for attorney fees paid by the lender in connection with the collection of the small loan, thereby violating I.C. 24–4.5–7–410(d), and [Payday] caused these representations to be made, thereby violating I.C. 24–4.5–7–410(d).

 d. [Hall] made deceptive and fraudulent representations [in his letter] concerning the amount a lender is entitled to recover for a small loan, thereby violating I.C. 24–4.5–7–410(g), and [Payday] caused these representations to be made, thereby violating I.C. 24–4.5–7–410(g).

(Appellant's Appendix 2 at 100–01). Hamilton alleged in Count II that Hall violated the FDCPA. *Id.* at 101. She asked for declaratory judgment pursuant to Ind. Code § 24–4.5–7–409(4)(e) that Payday had no right to collect, receive, or retain any principal, interest, or other charges from the loan. She also asked for statutory damages of $2000 and costs and damages pursuant to Ind.Code § 24–4.5–7–409(4)(e). She further asked for statutory damages of $500 pursuant to Ind.Code § 24–4.5–7–409(4)(c) and Ind.Code § 24–5–0.5–4. Finally, she asked for statutory damages of $1000 pursuant to 15 U.S.C. § 1692k(a) and "[s]uch other and further relief as the court deems just and equitable." *Id.*

Payday and Hall responded by filing an answer and three counterclaims against Hamilton for (1) defrauding a financial institution under Ind.Code § 35–43–5–8 (2004), (2) passing a bad check under Ind. Code § 26–2–7–6 (2002), and (3) breach of a contract.

Hamilton filed a motion for summary judgment, in which she asked the court to find that there was no genuine issue of material fact and that as a matter of law

she was entitled to relief because the defendants' letter violated the SLA's prohibition against collecting attorney fees and from engaging in unfair or deceptive practices to collect a debt arising from a small loan agreement. The motion also requested summary judgment on one count under the FDCPA. Hamilton further requested summary judgment on the defendants' counterclaims.

The trial court granted summary judgment in favor of Hamilton on her complaint and the breach of contract counterclaim. The trial court also issued a judgment on the pleadings on the defendants' fraud and bad check counterclaims. The trial court subsequently entered judgment against Payday in the amount of $10,250.00 and against Hall in the amount of $3,250.00. The award against Payday includes damages and attorney fees resulting from Payday's violation of Indiana statutes, while the award against Hall includes damages and attorney fees resulting from his violation of federal law. In part, the judgment represents the trial court's determination that Payday committed four separate violations of the SLA. The defendants now appeal.

### DISCUSSION AND DECISION

### I. SUMMARY JUDGMENT ON HAMILTON'S SLA CLAIM

The purpose of summary judgment is to terminate litigation about which there is no factual dispute and which may be determined as a matter of law. *Ratcliff v. Barnes*, 750 N.E.2d 433, 436 (Ind.Ct.App. 2001), *trans. denied.* When reviewing the grant or denial of summary judgment, this court applies the same standard as the trial court. *Id.* Summary judgment is appropriate if the designated evidentiary material shows there is no genuine issue of material fact and the moving party is enti-

tled to judgment as a matter of law. Indiana Rule of Trial Procedure 56(C). We do not reweigh the evidence, and our inquiry is limited to only those materials designated to the trial court, which are viewed in the light most favorable to the non-movant. *Estate of Hofgesang v. Hansford*, 714 N.E.2d 1213, 1216 (Ind.Ct. App.1999).

■ Payday contends that the trial court erred in granting summary judgment on the issue of whether its claim for attorney fees violated the SLA. Payday notes that Ind.Code § 24-4.5-7-410(d) prohibits only "contracting for or collecting attorney fees" on small loans, and it argues that the letter did neither. Payday also states that it was allowed to ask for attorney fees under Ind.Code § 35-43-5-8.

The SLA is part of the Indiana Consumer Credit Code, which provides that it "shall be liberally construed and applied to promote its underlying purposes and policies," Ind.Code § 24-4.5-1-102(1), which include "protect[ing] ... borrowers against unfair practices." Ind.Code § 24-4.5-1-102(2)(d). Even without this liberal construction provision, we cannot agree with Payday's claim that the dunning letter is not an attempt to contract for or collect attorney fees on Hamilton's small loan. The dunning letter is a clear violation of Ind.Code § 24-4.5-7-410(d).

With regard to Ind.Code § 35-43-5-8, which covers fraud on financial institutions, we note that Payday's claim for attorney fees is delineated in a separate paragraph from its claim for fraud. Accordingly, the prohibited attorney fee claim is not a part of an Ind.Code § 35-48-5-8 claim.

■ Payday contends that it cannot be held responsible for the prohibited contents of the dunning letter because the letter originated from Hall's office. Spe-

cifically, it contends that it "did not commit or cause to be committed any violation of the [SLA]. [Hall's] office drafted the dunning letter and sent the letter on behalf of [Payday] as procedure of Hall's office, not that of [Payday's] office." (Appellant's Brief at 18). Therefore, Payday argues that it did not violate the SLA.

With regard to this contention, we first note that Indiana Trial Rule 56(H) bars reversal of summary judgment on the ground of an issue of material fact that was not designated to the trial court. *See Filip v. Block,* 879 N.E.2d 1076, 1081 (Ind. 2008). Payday designated nothing that creates an issue of material fact on this matter; indeed, it is undisputed that Payday hired Hall as its attorney in this collection case and that Hall sent the letter in question as a special agent on behalf of Payday for this limited purpose. It strains credulity to suggest that additional evidence must be submitted by Hamilton to prove that Payday "caused" this violation of the SLA, especially given its claim that identical letters are routinely used by payday lenders. It is clear that Payday caused the violation to occur.[1]

■ Payday also contends that the trial court erred in finding and entering judgment on four separate violations of the SLA. Both in her complaint and in her motion for summary judgment, Hamilton was seeking damages of $2,000 for a single violation of the statute. We agree with Payday that the trial court may not rewrite Hamilton's complaint and summary judgment motion. Accordingly, we reverse the judgment and remand with in-

structions that the trial court enter judgment for the $2,000 requested by Hamilton.[2]

## II. SUMMARY JUDGMENT ON HAMILTON'S FDCPA CLAIM

■ The FDCPA prohibits debt collectors from making false representations of the "amount . . . of any debt." 15 U.S.C. § 1692e(2)(A). The FDCPA further prohibits a debt collector from attempting to collect any amount that is not "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The Seventh Circuit has held that it is an "unfair" practice, and a violation of 15 § U.S.C. 1692f(1) for a debt collector to attempt to collect amounts which, though they may be awarded by a court in certain circumstances, were neither included in the contract between the debtor and creditor nor created by operation of law. *See Shula v. Lawent,* 359 F.3d 489, 493 (7th Cir.2004). Violation of the FDCPA subjects the offending debt collector to liability for actual damages plus statutory damages of up to $1,000, plus a mandatory award of costs and a reasonable attorney fee. 15 U.S.C. § 1692k.

In the present case, the trial court determined as a matter of law that the letter was an unfair means to attempt to collect a debt. Hall cites *Durkin v. Equifax Check Services, Inc.,* 406 F.3d 410, 414 (7th Cir. 2005) and similar cases for the proposition that a violation of the FDCPA cannot be decided as a matter of law because the

---

1. The defendants argue that the "very same letter was held to not be asking for anything that violated the statute in *Cash in a Flash v. Hoffman,* [841 N.E.2d 644 (Ind. Ct.App. 2006]." (Appellants' Brief at 17)). We note, however, that the present issue was not raised in *Hoffman.*

2. Because we have concluded that the claimed $2,000 award is warranted because of Payday's violation of the SLA's provision against "contracting for or collecting" attorney fees, we need not discuss the trial court's additional conclusions under the Act.

dunning letter must be examined as an issue of fact under the "unsophisticated consumer" standard.

▮ We note that when the dunning letter is inconsistent, contradictory, and akin to a literally false statement, the court may make a determination that the letter violates the FDCPA as a matter of law. *See Avila v. Rubin,* 84 F.3d 222, 226–27 (7th Cir.1996). Here, the dunning letter attempts to collect an amount not expressly authorized by the agreement creating the debt or permitted by law. The letter unambiguously threatens litigation if attorney fees are not paid, and as we point out above, such a threat violates the prohibition against collecting or attempting to collect attorney fees found at Ind.Code § 24–4.5–7–409. This alone is sufficient to warrant the trial court's conclusion.

In addition, as the trial court concludes, the dunning letter is misleading "in that it would lead a reasonable person (let alone an unsophisticated debtor) to conclude that [Hamilton was] legally obligated to pay attorney fees to satisfy her obligation to [Payday]." (Finding of Fact # 16; Appellants' Appendix 1 at 14). As the court further concludes:

> The fourth sentence of the second paragraph states that a lawsuit may be filed "if you [Hamilton] fail to pay in full the amount due." This sentence begs the question, "What, then, is the full amount due, in order that I may avoid litigation?" Nowhere does the letter expressly provide the amount that constitutes "the full amount due." Rather, this phrase (the full amount due) is used (and is first used) immediately following the statements in the first and second sentences of paragraph two of the letter that advise [Hamilton] that resolution of the matter without litigation will require [Hamilton] to "pay the following

> amounts . . . [including] attorney fees of $300.00" and the third sentence advising her to send her payment to the offices of [Hall]. A reasonable person (let alone an unsophisticated debtor) would reasonably believe that the "full amount due" are those amounts she has been advised "must be paid" to avoid litigation and resolve the matter.

*Id.* It is apparent as a matter of law that Hall's letter misrepresents the amount of debt owed and that this is a clear violation of the FDCPA.

### III. JUDGMENT ON THE PLEADINGS

▮ The defendants contend that the trial court erred in granting a judgment on the pleadings on their counterclaims for fraud. Simply put, a motion for judgment on the pleadings should be granted "when it is clear from the face of the complaint that under no circumstances could relief be granted." *Davis v. Ford Motor Co.,* 747 N.E.2d 1146, 1151 (Ind.Ct.App.2001), *trans. denied.* "The general rule is that a complaint deficient under T.R. 9(B) fails to state a claim for which relief can be granted and is thus correctly dismissed." *Weber v. Costin,* 654 N.E.2d 1130, 1134 (Ind. Ct.App.1995).

▮ Indiana Trial Rule 9(B) states that all averments of fraud must be pled with specificity as to the "circumstances constituting fraud." In order to meet this burden, the party alleging fraud must specifically allege the elements of fraud, the time, place, and substance of false reports, and any facts that were misrepresented, as well as the identity of what was procured by fraud. *Continental Basketball Association, Inc. v. Ellenstein Enterprises,* 669 N.E.2d 134, 138 (Ind.1996). Failure to comply with the rule's specificity requirements constitutes a failure to state a claim upon which relief may be granted; thus,

any pleading which fails to satisfy the requirements fails to raise an issue of material fact. *Cunningham v. Associates Capital Services Corp.*, 421 N.E.2d 681, 683 n. 2 (Ind.Ct.App.1981). These requirements are not limited to common law fraud but extend to all actions that "sound in fraud." *McKinney v. Indiana*, 693 N.E.2d 65, 71 (Ind.1998).

The SLA states that an "agreement with respect to a small loan may not provide for charges as a result of a default by the borrower other than those specifically authorized by this chapter." Ind.Code § 24–4.5–7–406. The version of Ind.Code § 24–4.5–7–409(2) applicable to this appeal allowed small lenders to pursue a cause of action and remedies under Ind.Code § 35–43–5 (fraud and related offenses) and § 26–2–7 (stopping payment or permitting dishonor of a check) only "when a check or an authorization to debit a borrower's account [was] used to *defraud* another person." (emphasis added).

Cases interpreting Ind.Code § 24–4.5–7–409(2) make it clear that a party satisfies the requirements of fraud by showing the elements of common law fraud. *Neidow v. Cash in a Flash, Inc.*, 841 N.E.2d 649, 654 (Ind.Ct.App.2006), *trans. denied* (requiring small loan lenders to prove common law fraud in order to seek damages under Ind.Code § 26–2–7 *et seq.*); *Payday Today, Inc. v. McCollough*, 841 N.E.2d 638, 644 (Ind.Ct.App.2006) (requiring a showing of common law fraud to satisfy 409(2)'s fraud requirement, which is necessary to seek damages under Ind. Code § 26–2–7 *et seq.*).

The defendants contend that a footnote in *Hoffman* supports their contention that defendants are not required to plead common law fraud when they are making a claim pursuant to Ind.Code § 35–43–5–8. In *Hoffman*, a small loan lender pursued a 409(2) claim after the borrower, as security for a small loan, had written a check on a closed account. *Hoffman*, 841 at 646. The trial court found that in order to meet the 409(2) requirement, the lender had to show that the borrower had committed common law fraud. *Id.* at 647. This court affirmed the trial court's determination that 409(2) required a showing of common law fraud in order to recover under the statute; however, we noted that "it would be redundant to require a plaintiff to prove common law fraud in order to seek treble damages and attorney fees pursuant to I.C. § 34–24–3–1 if they have sustained the burden of proving fraud on a financial institution under I.C. § 35–43–5–8." *Id.* at 648 n. 4. We further noted that if "a plaintiff proves fraud on a financial institution under I.C. § 35–43–5–8, the trial court has discretion to award treble damages and attorney fees pursuant to I.C. § 34–24–3–1 without requiring the plaintiff to prove the elements of common law fraud." *Hoffman*, whether in the body of the opinion or in the footnote, does not change the pleading requirements of T.R. 9(B). The defendants failed to meet these requirements, and the trial court did not err in dismissing their counterclaims.

## IV. AMENDMENT OF PLEADINGS

The defendants claim that the trial court erred in failing to grant them leave to amend their counter-complaint to meet the requirements of common law fraud. In support of their claim, they cite to the trial court's verbal agreement to such an amendment.

Indiana Trial Rule 15(A) provides in pertinent part that parties may amend their pleadings "by leave of court ... when justice so requires." The trial court has broad discretion in deciding whether to permit amendments to pleadings, and we will reverse only upon a showing of abuse of that discretion. *Gordon v. Pur-*

*due University*, 862 N.E.2d 1244, 1253 (Ind.Ct.App.2007).

 Here, there is little doubt that the trial court would have granted the defendants' motion for leave to amend the counter-complaint had they filed such a motion. However, the trial court's Chronological Case Summary does not indicate that a motion to amend was filed, and the defendants do not refer us to any citation to the record to show that the motion was filed.

The defendants appear to believe that they asked to amend their counter-complaint during the summary judgment hearing. However, our examination of the transcript does not comport with the defendants' belief. Rather, the dialogue between the trial judge and Hall, as Payday's attorney, proceeded as follows:

> The Court: And you are prepared to amend your complaint and prove [fraud].
>
> Mr. Hall: Absolutely.
>
> The Court: Okay. Very good. Thank you.

(Appellant's App. 2 at 148). The defendants did not follow this exchange with the amended complaint or a motion to amend the complaint. Interestingly, the defendants filed a motion to correct error that applied to a number of issues, one being that the trial court "erred by not allowing [the defendants] to amend their complaint to comply with Trial Rule 9(B)'s heightened pleading requirement." (Appellants' App. 1 at 47). Again, no amended complaint was tendered and no motion to amend was filed. The trial court did not err in failing to grant a motion that was never filed or in disallowing an amendment that was never tendered.

## V. AWARD OF ATTORNEY FEES

 The defendants contend that the trial court erred in awarding attorney fees because Hamilton was represented by the Notre Dame Legal Clinic and by student interns certified pursuant to Indiana Admission and Discipline Rule 2.1. Essentially, the defendants argue that attorney fees cannot be awarded where a party has incurred no fees and that such an award would be a windfall.

Parties who violate the SLA are liable to the borrower for various damages including attorney fees. Ind.Code § 24–4.5–7–409(2)(d) (2004). Similarly, a debt collector who violates the FDCPA is liable to the borrower for attorney fees. 15 U.S.C. 1692k(a) (2000). Pursuant to Hamilton's affidavit, the trial court determined that Hamilton was entitled to $4,500 in reasonable attorney fees and apportioned liability for such fees equally between Payday and Hall.[3] (Appellants' App. 1 at 18).

In *Pinnacle Properties v. Saulka*, 693 N.E.2d 101, 105 (Ind.Ct.App.1998), *trans. denied*, and *Kleine–Albrandt v. Lamb*, 597 N.E.2d 1310, 1312–13 (Ind.Ct.App.1992), this court held that recovery of attorney fees is permitted where the prevailing party is represented at no charge by student interns in a legal assistance program. In *Lamb*, we held that "whether the focus is on enabling suit by those otherwise unable to afford litigation, or on deterring misconduct by imposing a monetary burden upon the wrongdoer, a legal aid organization

---

3. The trial court found that Hall is a licensed attorney hired by Payday to handle small loan collection matters. (Appellants' App. 1 at 9). As noted above, Payday was ordered to pay attorney fees because of its violation of the S1A, while Hall was ordered to pay attorney fees because of his violation, as a debt collector, of the FDCPA. The trial court apportioned the attorney fee award upon the time expended by Hamilton in preparing its summary judgment materials. Neither party takes issue with the trial court's method of apportionment.

merits an attorney fee fully as much as does the private attorney." 597 N.E.2d at 1313. (internal citations omitted). We further held that the fact that the plaintiff incurred no expenses was not a bar to an attorney fee award, and we remanded to the trial court to make the award. *Id.* We added that a direct award to the plaintiff "would result in a windfall" and ordered that the award be directed to the legal assistance program. *Id.*

Under *Pinnacle* and *Lamb,* it is evident that the defendants' contention should be, and is, denied.

### CONCLUSION

We affirm in part and reverse and remand in part, with instructions that the trial court change its judgment to reflect our holding in Issue I. In order to avoid a "windfall" to Hamilton, we instruct the trial court to direct the attorney fee award to the Notre Dame Legal Aid Clinic.

DARDEN, J., concurs in result.

FRIEDLANDER, J., concurs.