**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARTHA L. WESTBROOK**
Buck Berry Landau & Breunig, P.A.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**CARRIE HAGAN**
**KYLE JOHNSON,** Certified Legal Intern
**MELINDA MAINS**, Certified Legal Intern
Indiana University Robert H. McKinney
School of Law
Civil Practice Clinic
Indianapolis, Indiana



FILED
Apr 04 2012, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | |
| | ) | |
| RICHARD A. MEDCALF, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 32A04-1111-DR-582 |
| | ) | |
| SHERI L. MEDCALF, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Robert W. Freese, Judge
Cause No. 32D01-0607-DR-108

**April 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

When Richard A. Medcalf ("Father") and Sheri L. Medcalf ("Mother") divorced in 2008, Father was awarded custody of the couple's child, N.M., and Mother was awarded supervised visitation. The parenting time order expired in November 2010, and Father and Mother became involved in a protracted dispute over the language of the new parenting time agreement. Eventually, Mother filed a motion for attorney's fees, which the trial court granted.

Father now appeals, claiming that the trial court erred in failing to hold an evidentiary hearing before awarding attorney's fees and in awarding attorney's fees where Mother received free representation from a legal assistance clinic. In the absence of evidence to determine the parties' relative economic circumstances and findings of fact accompanying the order awarding attorney's fees, we conclude that although the trial court had the authority to award attorney's fees, the record lacks sufficient evidentiary support for such an award. As such, we remand for further proceedings on the issue of attorney's fees.

**Facts and Procedural History**

Father and Mother were married on April 12, 2003. They had one child of the marriage, N.M. In July 2006, Father filed a petition for dissolution of marriage, which he reinstated after an August 2008 dismissal. On November 12, 2008, the trial court issued a dissolution decree granting custody of N.M. to Father and granting Mother supervised visitation.

On October 26, 2009, Mother filed an emergency motion for modified supervised parenting time. On December 2, 2009, the trial court appointed a guardian ad litem ("GAL") to represent N.M.'s best interests. On September 1, 2010, the trial court approved a joint agreement for parenting time, which lasted until November 20, 2010. The trial court set a hearing for April 13, 2011, and it was continued first to May 12, 2011, and then to a bifurcated proceeding on July 27 and August 17, 2011. Because the parenting time agreement had expired, Mother's visitation time in the winter and spring of 2011 was limited to times approved by Father. By May 2011, Father had become involved in a dispute over the parameters of supervised visitation, and when Mother took N.M. for a private walk, Father suspended all visitations pending a new agreement and court order.

At the July 27, 2011, court hearing, the parties, counsel, and the GAL conferred and reached an agreement concerning Mother's supervised visitation. The parties were unable to reduce the agreement to an order signed under oath because Father had left the courthouse. Counsel agreed that Father's counsel would memorialize the agreement in an order, but the parties later disputed some of the language contained in the order.

During the next week, the parties exchanged emails and edited versions of the proposed agreement, but still could not reach an agreement on some of the terms. On August 12, 2011, Mother filed an unverified emergency motion to set a teleconference and motion for attorney's fees. Mother then requested that the teleconference be held on August 17, 2011, the date scheduled for the second part of the hearing that had been continued from May 2011.

On August 17, 2011, the trial court attempted to convene the teleconference, but Father's counsel was not in the office. When Father's counsel was eventually located and the teleconference convened, counsel stated that she had received no notice of an August 17 teleconference. While a hearing was held on the issue of visitation rights, the issue of attorney's fees was never discussed during the teleconference.

On August 29, 2011, Mother filed an unverified renewed motion for attorney's fees, alleging delay and misconduct by Father and his counsel. On September 20, 2011, the trial court issued the parenting time order. On September 29, 2011, Father filed an affidavit in opposition to Mother's motion for attorney's fees, listing his wages, financial obligations, and other facts relating to his economic circumstances. On October 11, 2011, the trial court issued a summary order granting Mother's motion and directing Father to pay $1500 in attorney's fees on Mother's behalf to the Indiana University School of Law-Indianapolis Civil Practice Clinic ("Civil Practice Clinic").[1] This appeal ensued. Additional facts will be provided as necessary.

### Discussion and Decision

Father challenges the trial court's granting of Mother's motion for attorney's fees. In post-dissolution proceedings, the trial court may order a party to pay a reasonable amount toward his opponent's attorney's fees. *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 224 (Ind. Ct. App. 2006). Indiana Code Section 31-17-7-1(a) provides in part, "The court periodically

---

[1] Indiana University School of Law-Indianapolis Civil Practice Clinic has been renamed Indiana University Robert H. McKinney School of Law Civil Practice Clinic.

may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding [involving custody or visitation rights] and for attorney's fees and mediation services, including amounts for legal services provided …." A decision to award attorney's fees is a matter left to the trial court's discretion and, as such, we review the decision using an abuse of discretion standard. *Id.* A trial court abuses its discretion if its decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

Father asserts that the trial court abused its discretion by granting Mother's motion for attorney's fees without first holding an evidentiary hearing on the matter. "When determining whether or not to award attorney fees, a trial court must consider the resources of the parties, their economic condition, the ability of the parties to engage in gainful employment and to earn adequate income, and such other factors as bear on the reasonableness of the award." *Allen v. Proksch*, 832 N.E.2d 1080, 1102 (Ind. Ct. App. 2005) (citations and internal quotation marks omitted). The court may also take into account any misconduct by one party that causes the other party to directly incur additional fees.[2] *Id.* In *Allen*, another panel of this Court held that the trial court abused its discretion by failing to hold an evidentiary hearing to consider the relative economic circumstances of the parties to the custody dispute or to enter findings indicating that it had considered such circumstances. *Id.* at 1103. *See also Bertholet v. Bertholet*, 725 N.E.2d 487, 501 (Ind. Ct. App. 2000)

---

[2] To the extent Mother relies on Father's counsel's conduct in raising her voice to the judge during the teleconference as misconduct justifying the imposition of attorney's fees, we note that counsel is not a party, and notwithstanding, the trial court never indicated that counsel's conduct was the basis for its decision to assess attorney's fees. *See* Appellee's App. at 15 (Father's counsel's letter to trial judge apologizing for confusion on dates and for raising her voice during teleconference).

(holding that trial court abused its discretion in failing to hold evidentiary hearing to assess both parties' respective economic circumstances and ability to pay own attorney's fees).[3]

Based on the foregoing, we conclude that although Indiana Code Section 31-17-7-1 does not specifically require that a hearing be held before awarding attorney's fees, the case law indicates that the trial court must base its award upon its consideration of evidence pertaining to the parties' relative economic circumstances as well as other evidence supporting the reasonableness of the fee award. Thus, the trial court must base its decision either on evidence placed in the record at a hearing or upon verified written evidence submitted by the parties.

Here, the trial court did not hold a hearing and had very little verified written evidence upon which to base its decision to award attorney's fees. We agree with Mother that the absence of evidence regarding what constitutes a reasonable attorney's fees is not necessarily fatal and that a court may judicially notice such a figure for routine matters. *Rice v. Rice*, 460 N.E.2d 1228, 1231 (Ind. Ct. App. 1984). Mother received pro bono representation from the

---

[3] Mother argues that *Bertholet* is distinguishable because it involves division of marital assets rather than custody or visitation and is thereby subject to a different statutory section for the awarding of attorney's fees. However, we note that the statutory section applicable in *Bertholet*, Indiana Code Section 31-15-10-1(a), contains language nearly identical to the language of Indiana Code Section 31-17-7-1(a), and has been held to require the trial court's consideration of the same factors regarding the parties' relative economic circumstances. Moreover, the *Allen* court cited and discussed *Bertholet*, specifically finding it to be instructive. 832 N.E.2d at 1102-03.

6

Civil Practice Clinic.[4] In her renewed motion for attorney's fees, she asserts that her counsel spent more than twenty-six hours finalizing the parenting time agreement and that a reasonable attorney's fee for such services is $175 per hour. Appellee's App. at 27. However, her motion was not accompanied by supporting affidavits, and the information regarding hours of service was neither verified nor stipulated to. Moreover, the record is devoid of evidence regarding Mother's current financial position. To the extent that she relies on her financial information at the time of the 2008 dissolution decree, we conclude that the decree is too remote in time to indicate Mother's current ability to pay for legal representation.

In terms of verified written evidence, the trial court had before it only Father's affidavit, in which he avers, in pertinent part,

2.     That I am the custodial parent of [N.M.].

3.     That I am currently self-employed doing salesperson training for home improvement companies. I earn Three Hundred Dollars ($300.00) per week.

4.     That I pay child support for my daughter from a previous relationship in the sum of Fifty Dollars ($50.00) per week.

5.     That I provided the full support for [N.M.], including medical insurance and co-payments.

6.     That with the exception of a very few payments, [Mother] has

---

[4] Contrary to Father's argument, we note that attorney's fee awards may be made even in favor of a party who was receiving free legal services. *See Beeson v. Christian*, 594 N.E.2d 441, 442-43 (Ind. 1992) (reinstating trial court's attorney's fee award even though wife's attorney testified that he had agreed not to charge wife for services). *See also Kleine-Albrandt v. Lamb*, 597 N.E.2d 1310, 1312-13 (Ind. Ct. App. 1992) (citing *Beeson* and holding that the fact that plaintiff employee in wage dispute proceeding received free representation from student legal services organization did not bar an attorney's fee award payable directly to the organization).

7

not paid any child support as required under the terms of the divorce decree. This is true even during the periods of time she was employed after the date of dissolution.

7. That [Mother] does not have a driver's license or transportation. This means that all the expense for transporting [N.M.] to and from parenting time with [Mother] is born by me.

8. That I currently owe my attorney Eight Thousand Seven Hundred Ninety-Five and 75/100 Dollars ($8,795.75) in fees and expenses for her representation of me during this litigation.

Appellant's App. at 26-27.

The trial court's one-sentence order does not indicate that it considered the relative economic circumstances of the parties, and there was no evidence of Mother's circumstances to consider. The order merely states the trial court's conclusion "that attorneys fees are proper and Orders Father to pay $1500.00 to Indiana University School of Law—Indianapolis Civil Practices Clinic, by December 31, 2011." Appellant's App. at 13. Based on the foregoing, we conclude that the trial court had statutory authority to award attorney's fees, but we find that the record contains insufficient evidence regarding Mother's current economic circumstances and counsel's hours attributable to the delay in finalizing the parenting time agreement. We find these deficiencies to be nonfatal and therefore remand to afford the trial court the opportunity to supplement the record. Accordingly, we remand for proceedings consistent with this decision.

Remanded.

BRADFORD, J., concurs.

VAIDIK, J., concurs in result with separate opinion.

8

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE THE MARRIAGE OF:        )
                                              )

RICHARD A. MEDCALF,        )
                                              )

    Appellant-Petitioner,      )
                                              )

          vs.              )     No.  32A04-1111-DR-582
                                              )

SHERI L. MEDCALF,         )
                                              )

    Appellee-Respondent.     )

**VAIDIK, Judge, concurring in result**

I write separately to indicate that I believe it was an abuse of discretion for the trial court not to hold a hearing on the issue of whether Mother was entitled to attorney's fees. I concurred in *Allen v. Proksch*, which held that it is an abuse of discretion for a trial court to fail to hold an evidentiary hearing in order to consider the parties' resources, economic condition, and other factors that bear on the reasonableness of an award of attorney's fees. 832 N.E.2d 1080, 1103 (Ind. Ct. App. 2005). Because there was no such hearing here, I would find an abuse of discretion. Nevertheless, I agree with the majority that the record contains insufficient evidence regarding Mother's current economic circumstances and counsel's hours attributable to the delay in finalizing the parenting-time agreement. Accordingly, I concur in result with the majority's decision to remand this case.