## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2018, 10:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

Amir Basic
South Bend, Indiana

Gerard Arthus
Mishawaka, Indiana

ATTORNEYS FOR APPELLEES

Robert J. Palmer
Daniel R. Appelget
May Oberfell Lorber
Mishawaka, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Amir Basic, et al.,

*Appellants-Plaintiffs,*

v.

Mohammad Alsam Chaudhry, et al.,

*Appellees-Defendants.*

January 31, 2018

Court of Appeals Case No.
71A03-1707-PL-1573

Appeal from the St. Joseph Superior Court

The Honorable Steven L. Hostetler, Judge

Trial Court Cause No.
71D07-1505-PL-174

**Bailey, Judge.**

# Case Summary

Amir Basic and Gerard Arthus (collectively, "Basic"[1]) sued the Imam of the Islamic Society of Michiana ("ISM") as well as members of the boards of directors and trustees (collectively, "Appellees").[2] The lawsuit was dismissed and an appeal ensued, wherein this Court (1) affirmed the dismissal and (2) determined that Basic had acted in procedural bad faith in pursuing the *pro se* appeal, warranting remand for an award of appellate damages pursuant to Appellate Rule 66(E). Upon remand, the trial court held a hearing and awarded Appellees $16,860.45, which represented attorney's fees and expenses associated with defending the initial appeal. Basic now appeals, again *pro se*.

We affirm.

# Issues

Basic presents several issues, which we consolidate and restate as follows:

    I.      Whether the trial court erred in quashing subpoenas; and

    II.     Whether there is sufficient evidence to support the amount of attorney's fees awarded to Appellees.

---

[1] We also use this collective term to refer to the individual actions of either Amir Basic or Gerard Arthus.

[2] Those involved in the litigation include Ismail Al-ani, Numan A. Amouri, Mohammed Alsam Chaudhry, Shaukat Chaudhry, Gulrukh Kareem, Adnan Khan, Mohamad H. Mohajeri, Basman Salous, Aijaz Shaikh, Sarah Shaikh, Mohammad Sirajuddin, and Imdad Zackariya.

Appellees allege that Basic has acted in procedural bad faith in pursuing the instant appeal and request that we find waiver of Basic's appellate issues and that we again remand for an award of damages pursuant to Appellate Rule 66(E).

## Facts and Procedural History

[4] Basic filed a lawsuit against Appellees that was eventually dismissed, and Basic pursued an initial appeal *pro se*. This Court affirmed the dismissal and determined that Basic's "argumentative facts section and blistering handwritten remarks on the face of the appealed order reveal[ed] a flagrant disregard for the rules of appellate procedure" that "demonstrated procedural bad faith." *Basic v. Amouri*, 58 N.E.3d 980, 986 (Ind. Ct. App. 2016), *reh'g denied*. This Court determined that "an award of damages, including appellate attorney's fees" was appropriate and remanded the case for a determination of damages pursuant to Appellate Rule 66(E). *Id.* The trial court scheduled a hearing on the matter.

[5] In advance of the hearing, Basic prepared several subpoenas. Basic sought, in pertinent part, copies of any retainer agreement between ISM and Appellees' appellate law firm ("Law Firm"); invoices Law Firm issued; checks reflecting payment toward such invoices; and ISM meeting minutes concerning the retention of Law Firm and the approval of payments to Law Firm. Appellees moved to quash the subpoenas, and on April 20, 2017, the trial court granted the motion, determining that the information sought was not relevant.

[6] Thereafter, the trial court heard evidence, which included testimony from Appellee's lead appellate counsel ("Appellate Counsel"). Appellate Counsel also tendered his affidavit referencing attached documents itemizing Law Firm's appellate work. Appellate Counsel testified that the attached documents constituted a "prebill" generated by Law Firm's time-tracking software that contained more detail than the invoice. Each entry on the "prebill" included initials reflecting who completed the work, the billing rate for that person, the amount of time expended, the date of the time entry, the services rendered, and the fee incurred. Appellate Counsel explained that the invoice was a "condensed version of what is attached to [the] affidavit." Tr. at 26. Moreover, Appellate Counsel averred that Appellees agreed to pay Law Firm's standard rates, and that Law Firm billed Appellees at those standard rates.

[7] When Appellees sought to admit the affidavit and accompanying documents, Basic objected, indicating that Appellees had not produced "the real evidence" of Law Firm's invoice and that Appellees should "produce . . . the records for the billing." *Id*. at 23. At the hearing, Appellate Counsel acknowledged that he had the issued invoice with him, but Appellees did not seek to admit the document. At one point, Basic made an oral motion requesting that Appellate Counsel "submit the real bill." *Id.* at 60. The trial court denied the motion, at which point Basic stated, "So the Court doesn't want to see the real record." *Id.*

[8] At the close of the hearing, the trial court took the matter under advisement and later entered an order requiring Basic to pay Appellees $16,860.45, which represented $16,274.95 in appellate attorney's fees and $585.50 in expenses.

[9]     Basic now appeals.

# Discussion and Decision

[10]    Where, as here, a party has requested special findings and conclusions, the trial court is to "find the facts specially and state its conclusions thereon." Ind. Trial Rule 52(A). We "shall not set aside the findings or judgment unless clearly erroneous," *id.*, and we "look only to whether the evidence supports the findings, and then whether the findings support the judgment." *In re Marriage of Gertiser*, 45 N.E.3d 363, 369 (Ind. 2015). Findings are clearly erroneous when the record contains no facts to support them either directly or by inference. *Yanoff v. Muncy*, 688 N.E.2d 1259, 1262 (Ind. 1997). A judgment is clearly erroneous when there is no evidence supporting the findings or the findings fail to support the judgment. *In re Adoption of O.R.*, 16 N.E.3d 965, 973 (Ind. 2014). In conducting our review, we are not to reweigh the evidence or reassess witness credibility, *Gertiser*, 45 N.E.3d at 369, and must give "due regard . . . to the opportunity of the trial court to judge the credibility of the witnesses." T.R. 52(A).

[11]    At the outset, we observe that the merits of Basic's initial lawsuit are long behind us. Rather, this case persists for a single reason: because Basic pursued an appeal in bad faith, damaging Appellees. Keeping this in mind, we are unwilling to ignore the ways in which Basic has again violated the Rules of Appellate Procedure in pursuing the instant appeal. Basic has provided no standard of review; and this is not the first time. *See Basic*, 58 N.E.3d at 985

("Appellants have failed to include the appropriate standard of review as required by Appellate Rule 46(A)(8)(b)."). Moreover, Basic has again drafted an argumentative facts section, *see id.* at 986, this time making accusations of perjury along with allegations that the trial court colluded with Appellate Counsel to cover up evidence. *See* Ind. Appellate Rule 46(A)(6) (providing that the statement of facts is to consist of a narrative description of the relevant facts stated in accordance with the appropriate standard of review).

[12] Within the argument section, Basic again includes sparse citation. *See Basic*, 58 N.E.3d at 985; App. R. 46(A)(8)(a) (providing that each contention "must be supported by the citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on"). Moreover, although the appealed order is this time spared from Basic's "handwritten negative commentary," *Basic*, 58 N.E.3d at 984, Basic has now included a document in the appendix that features an inflammatory and indecorous handwritten remark comparing Appellate Counsel to a particular Soviet dictator. *See* Appellant's App. at 170. Basic attempts to minimize this transgression, stating that "it is rather simple to differentiate between the computer-generated content of the E-mail and the hand-written annotations." Reply Br. at 11. That may be so. However, we are baffled by Basic's decision to flout this Court's guidance and ignore the rules, seemingly unfazed by the imposition of sanctions for similar violations.

[13] Appellees ask that we again conclude that Basic has acted in procedural bad faith, and that we again order Basic to pay damages, including appellate attorney's fees. Pursuant to Appellate Rule 66(E), we may, in our discretion,

"assess damages if an appeal . . . is frivolous or in bad faith." However, upon reflection, we decline to award damages here, as we conclude that finality in this matter—as opposed to another hearing and potential appeal—would best promote the interests of justice. Moreover, although we could conclude that Basic has waived every appellate argument, we ultimately elect to address the merits of the case. *See Pierce v. State*, 29 N.E.3d 1258, 67 (Ind. 2015) (noting the preference for resolving cases on the merits instead of on procedural grounds).

# Subpoenas

[14]  Basic argues that the trial court arbitrarily and capriciously quashed the subpoenas, in violation of the right to due process. Basic directs us to portions of the Indiana Code relating to a nonprofit corporation's obligation to maintain certain records and make them available for inspection. Nonetheless, the Indiana Rules of Trial Procedure govern matters of discovery, and Rule 26(B) provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject-matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Moreover, "[w]e afford great deference to a trial court's discovery decisions," and will reverse a discovery decision only where the court has abused its discretion, which occurs "when the trial court's decision is against the logic and circumstances of the case." *Turner v. Boy Scouts of Am.*, 856 N.E.2d 106, 112 (Ind. Ct. App. 2006).

[15]     In resolving the initial appeal, this Court determined that Appellees were entitled to appellate damages, including their attorney's fees. *Basic*, 58 N.E.3d at 986. Thus, upon remand, the only open issue was the appropriate amount of a damages award. In awarding attorney's fees, the trial court may award only that which is reasonable, *Cavallo v. Allied Physicians of Michiana, LLC*, 42 N.E.3d 995, 1009 (Ind. Ct. App. 2015), and the court is not bound by an amount contractually incurred by a party. *Id.*; *cf. Kleine-Albrandt v. Lamb*, 597 N.E.2d 1310, 1312-13 (remanding for the award of a reasonable fee where a legal services organization had not charged the party for services). Attorney's fees are regulated under the Indiana Rules of Professional Conduct, and Rule 1.5(a) sets forth several factors "to be considered in determining the reasonableness of a fee," including the complexity of the issues involved, the fee customarily charged in the locality for similar services, and the expertise of counsel rendering the legal services. Furthermore, the trial court judge is considered an "expert on the question" of the reasonableness of attorney's fees, and is "not bound to accept the evidence presented as to the reasonable value of an attorney's fees." *Trinkle v. Leeney*, 650 N.E.2d 749, 754 (Ind. Ct. App. 1995). Indeed, the trial court judge may rely on personal expertise when awarding attorney's fees. *Cavallo*, 42 N.E.3d at 1009.

[16]     Here, to the extent Basic sought information concerning whether ISM followed appropriate internal processes to retain Law Firm or authorize payment, this information does not bear on the reasonable cost associated with Appellees'

appellate defense. Thus, the trial court did not abuse its discretion or offend the right to due process by limiting discovery aimed to obtain such information.

[17] Basic also argues that it was entitled to discover Law Firm's fee agreement, any actual invoice, and documentation of payment to Law Firm. Yet, the amount provided by contract is not binding on the trial court. *See id.* at 1002. Moreover, the trial court is permitted to limit cumulative or duplicative discovery. *See* Ind. Evid. R. 26(B). Here, Appellate Counsel averred that Appellees agreed to pay Law Firm's standard rates, and those rates appeared in the affidavit and accompanying documents. Moreover, there was testimony that the "prebills"—which Basic does not dispute receiving—contained the same information as the issued invoice, only with more detail. Thus, Basic has not persuaded us that the trial court abused its discretion or offended the right to due process by limiting discovery in this respect.

## Attorney's Fees

[18] We review the award of attorney's fees for an abuse of discretion, which occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.* Furthermore, "where the amount of the fee is not inconsequential, there must be objective evidence of the nature of the legal services and the reasonableness of the fee." *Smith v. Foegley Landscape, Inc.*, 30 N.E.3d 1231, 1240 (Ind. Ct. App. 2015).

[19] Many of Basic's arguments focus on assailing the credibility of Appellate Counsel, whose testimony and affidavit supported the amount awarded to

Appellees. However, we are not free to reweigh the evidence or reassess the credibility of witnesses. *See Gertiser*, 45 N.E.3d at 369. Here, the affidavit included detailed descriptions of the appellate services rendered on behalf of Appellees. Moreover, Appellate Counsel averred that he had decades of experience working on appellate matters, and there was testimony that the appeal was more difficult than usual because Basic filed several motions and Basic's briefs were difficult to understand due to "numerous violations of the appellate rules." Tr. at 30. The damages award included $16,274.95 in appellate attorney's fees, a figure that was net of a 15% discount Law Firm had extended, and that reflected a rate of approximately $260 per hour. Appellate Counsel testified that the rate was "reasonable based on the prevailing practice and billing rates in th[e] community." *Id*. at 29. Moreover, in entering the damages award, the trial court stated that the "amount of time spent in defending [the] appeal . . . as well as the hourly rates charged" were "reasonable based on the Court's own experience." Appellant's App. Vol. II at 45.

[20]     Thus, we conclude that there is sufficient evidence to support the award.[3]

---

[3] Basic also challenges whether the "prebill" constituted inadmissible hearsay, and raises a similar challenge to Appellate Counsel's testimony concerning the work other staff members performed. However, Basic failed to object on this basis when the affidavit was admitted and the testimony was given, and has therefore waived this issue. *See Raess v. Doescher*, 883 N.E.2d 790, 797 (Ind. 2008) ("A mere general objection, or an objection on grounds other than those raised on appeal, is ineffective to preserve an issue for appellate review."). Waiver notwithstanding, Appellate Counsel averred that he had personal knowledge of the appellate work, and an individual's work efforts do not constitute "statements" for the purposes of the rule against hearsay. *See* Ind. Evidence R. 801(a). As to the "prebill," Appellees laid a foundation to support admission of the time records as records of a regularly conducted activity. *See* Evid. R. 803(6); Appellee's App. Vol. II at 3.

# Conclusion

[21] The trial court did not abuse its discretion in quashing the subpoenas, and there was sufficient evidence to support the amount of the attorney's fee award. We elect not to award damages under Appellate Rule 66(E).

[22] Affirmed.

Kirsch, J., and Pyle, J., concur.